In re Catherine M. JOHNSON, Debtor.

The BANK OF NEW JERSEY, Plaintiff,

v.

Catherine M. JOHNSON,

and

Margaret Graham, Trustee, Defendants.

Bankruptcy No. 80–02773G.
Adv. No. 81–0197G.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 27, 1981.

Leonard J. Cook, Philadelphia, Pa., for plaintiff, Bank of New Jersey.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant, Catherine M. Johnson.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

█ The issue presented in the instant case is whether we should grant relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("Code") to permit the secured creditor to proceed to enforce its lien on the debtor's automobile. We conclude that the secured creditor is not entitled to such relief because the debtor has equity in the automobile and because the debtor has offered to provide the creditor with adequate protection of its interest in the automobile under the terms of the debtor's chapter 13 plan.

The facts of the instant case are as follows:[1] On October 28, 1980, Catherine M. Johnson ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Code. Prior to that time, in October of 1978, the debtor had granted a valid security interest in her automobile to The Bank of New Jersey ("the Bank"). Beginning in September, 1980, the debtor failed to make the monthly payments of $170.68 due the Bank. On March 4, 1980, the Bank filed a complaint for relief from the automatic stay provisions of § 362(a) of the Code to permit it to proceed to enforce its lien on the debtor's automobile.

At the trial held on that complaint, the Bank offered evidence that the total amount of the debt owed to it by the debtor is, at present, $4,779.04 plus $527.90 in attorneys fees and costs. In addition, the parties have stipulated that the present fair market value of the automobile is $4,350. The debtor offered no evidence but, instead, argued that under § 506(a) of the Code the Bank had only a secured claim up to the present fair market value of the automobile (or $4,350). The debtor also argued that, since the filing of her petition, she had been making monthly payments to the chapter 13 standing trustee pursuant to Procedural Order No. 13[2] and that the trustee was presently holding approximately $600 in her account, paid to her by the debtor. The debtor therefore contends that since at least some part of that $600 will be paid on confirmation to the Bank on account of its secured claim, a portion of that amount should be deducted from the Bank's secured claim, thereby increasing the debtor's equity in the automobile. The debtor argues that to do otherwise would be to penalize the debtor solely because of the law's delay in the confirmation of chapter 13 plans in this district caused by the excessive numbers of such cases being filed here.

We agree with the debtor's contentions. Section 506(a) of the Code provides:

§ 506. Determination of secured status.

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such credi-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Procedural Order No. 13 directs all debtors filing under chapter 13 of the Code to immediately begin making the payments provided under their plan to the chapter 13 standing trustee.

tor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation of and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Therefore, by the terms of § 506(a), the Bank has only a secured claim in the amount of $4,350 while the remainder of the debt owed to it is an unsecured claim.

While the debtor's plan was not introduced into evidence at the trial herein (thereby preventing us from determining exactly how much of that $600 [3] is to go to the bank under the plan), it is clear that the Bank, since its claim is covered by the plan, would receive some portion of that $600 on confirmation of the plan.[4] Therefore, on confirmation of the debtor's plan the Bank's secured claim will be reduced by the amount that the Bank receives from the standing trustee on account of that claim. Therefore, at that time the debtor will have an equity in the automobile.

▉ The question presented, however, is whether the debtor has an equity in the automobile at the present time. The Bank argues that the debtor has not since it (the Bank) has not yet received any money on its secured claim. We disagree, and conclude that, in determining the debtor's equi-

ty in the automobile herein, the payments made to the standing trustee should be credited to the debtor's liability to the Bank. The Bank need not be in actual possession of those funds but need only be entitled to them to have them affect its secured claim. In the case before us, the Bank would be entitled to some portion of those funds on confirmation of the plan by the very terms of that plan and would be entitled to the $600 if the plan is not confirmed as provided by the authorization and waiver executed by the debtor.[5]

Consequently, we conclude that the debtor does have some equity in her automobile (equal to $600 in the event the plan is not confirmed or equal to whatever portion of the amount held by the standing trustee the Bank is entitled to on confirmation of the plan). Therefore, the Bank is not entitled to relief from the automatic stay pursuant to § 362(d)(2).[6]

We further conclude that the Bank is not entitled to relief from the automatic stay pursuant to § 362(d)(1) [7] because the debtor has provided the Bank with adequate protection of its interest in the automobile. The debtor has done so by providing for periodic payments to the Bank under her chapter 13 plan which we conclude will adequately protect the Bank's interest if that plan is confirmed.[8] In the event the plan is not confirmed, the debtor has provided that the Bank is to receive $600 from

---

**3.** The Bank did not dispute that such payments had been made but argued that they were irrelevant since no payments had been made to the bank as of that time.

**4.** Further, the debtor asserted at the trial (and subsequently so provided) that if her plan were not confirmed for any reason she would direct that the $600 be paid to the Bank rather than returned to her.

**5.** See note 4.

**6.** Section 362(d)(2) provides:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (2) with respect to a stay of an act against property, if—

  (A) the debtor does not have an equity in such property; and

  (B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d)(2).

**7.** Section 362(d)(1) provides:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
11 U.S.C. § 362(d)(1).

**8.** See section 361 of the Code which provides that, where adequate protection is required under § 362, such adequate protection may be provided in the form of periodic payments.

the funds presently held by the chapter 13 standing trustee. We conclude that that sum is adequate to protect the Bank's interest during the interim before the confirmation or denial of confirmation of the debtor's plan.

We will, therefore, deny the Bank's requested relief from the automatic stay.