**In re Henry T. COSBY, Shirley T. Cosby, Debtors.**

**Henry and Shirley COSBY, Plaintiffs,**

**v.**

**COMMERCIAL BANKING CORP. and Liberty Consumer Discount Company of Pennsylvania, Defendants,**

**and**

**James J. O'Connell, Trustee.**

**Bankruptcy No. 82–00392G.**
**Adv. No. 82–2989G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 25, 1983.

Irv Ackelsberg, Community Legal Services, Inc., Philadelphia, Pa., for debtors/plaintiffs, Henry T. Cosby and Shirley T. Cosby.

James J. O'Connell, Philadelphia, Pa., trustee.

Andrew N. Schwartz, Philadelphia, Pa., for defendant, Commercial Banking Corp.

Gary P. Urtz, Havertown, Pa., for defendant, Liberty Discount Co. of Pennsylvania.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether the claim of the second mortgagee is an "unsecured claim" within the meaning of section 506(a) of the Bankruptcy Code ("the Code"). We conclude that, since there is no equity in the debtors' residence over and above the first mortgage, the claim of the second mortgagee is unsecured in accordance with section 506(a) of the Code.

The facts of the instant case are as follows:[1] On January 29, 1982, Henry T. Cosby and Shirley T. Cosby ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On November 10, 1982, the debtors filed the instant complaint to have the mortgage liens of Commercial Banking Corporation ("Commercial") and Liberty Consumer Discount Company of Pennsylvania ("Liberty"), the second and third mortgagees respectively, declared unsecured pursuant to section 506(a) of the Code.[2] The sole issue for our determination is the fair market value of the debtors' residence.

Section 506(a) of the Code provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(c) (1979).

The debtors' expert appraiser testified that the residence in question has a fair market value of $3,500.00 (N.T. January 18, 1983, at 10); while Commercial's expert appraiser testified that the fair market value of the subject property is $5,500.00 (N.T. January 18, 1983, at 36). While we find the testimony of each appraiser to be credible, we view the appraisal of the debtors' expert to be more accurate because the record established the following facts about the sixty-five (65) year old residence: (1) the roof and floor of the front porch are badly detiorated; (2) there is a lack of proper plumbing facilities in the bathroom; and (3) there is no electrical service on the second floor other than electrical cords extending up from the first floor. Consequently, we con-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Subsequent to the filing of said complaint, Liberty advised debtors' counsel that it would withdraw its defense of this action. Consequently, we will enter judgment against Liberty by separate order (N.T. 1/18/83 at 3).

clude that the fair market value of the subject property is $3,500.00. And, since the amount of the first mortgagee's lien on the subject residence plainly exceeds the fair market value of said residence, we conclude that Commercial's claim for $3,105.47 constitutes an unsecured claim for $3,105.47 pursuant to section 506(a) of the Code.