In re James J. BRACKEN, Dorothy Bracken, Debtors.

MT. VERNON CONSUMER DISCOUNT COMPANY, Plaintiff,

v.

James BRACKEN and Dorothy Bracken, and Leonard Goldberger, Trustee, Defendants.

James J. BRACKEN and Dorothy Bracken, Plaintiffs,

v.

MT. VERNON CONSUMER DISCOUNT COMPANY, Defendant.

Bankruptcy No. 80–00808G.
Adv. Nos. 82–1661G, 82–1781G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 1, 1983.

Alan B. Liss, Philadelphia, Pa., for plaintiff, Mt. Vernon Consumer Discount Co.

David L. Hill, Philadelphia, Pa., for debtors, James J. Bracken and Dorothy Bracken.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

Two issues are embraced by this opinion. Firstly, is the debtor's complaint for avoidance of a mortgage under § 506(a) and (d) of the Bankruptcy Code ("the Code") and secondly is a creditor's complaint for relief from the automatic stay pursuant to § 362(d). For the reasons stated herein we will avoid the mortgage and deny relief from the stay.

The facts of the case are as follows:[1] The debtors filed a petition for relief under chapter 7 of the Code on April 16, 1980. They own a parcel of realty which we find to be worth $1,000.00[2] which is encumbered by a first mortgage held by East Girard Savings and Loan Association ("East Girard") in the amount of $1,424.71 and a second mortgage of Mount Vernon Consumer Discount Company ("Mount Vernon") for $7,013.69. The debtors are currently in default on both mortgages. When Mount Vernon commenced the action at bench for relief from the automatic stay, the debtors responded by instituting an action for avoidance of Mount Vernon's mortgage under § 506(a) and (d) to the extent that the indebtedness under the mortgage exceeded value of the property.

A creditor's claim in bankruptcy is secured only "to the extent of the value of such creditor's interest in the estate's interest in such property...." § 506(a). The remainder of the claim is unsecured. Id. Under § 506(d) a debtor may bring an action to avoid a mortgage to the extent that the mortgage exceeds the fair market value of the property. Spadel v. Household Consumer Discount Co. (In Re Spadel), 28 B.R. 537 (B.R.E.D.Pa.1983). Since we have determined that the property at issue is worth only $1,000.00, the first mortgagee, who holds a mortgage of $1,424.71 is only partially secured. Consequently, Mount Vernon, as the second mortgagee, is completely unsecured. Thus, we will avoid Mount Vernon's mortgage in full. Since Mount Vernon's request for relief from the stay is predicated on its status as a secured party,

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The testimony on the value of the house was widely contradictory. Mount Vernon's witness attested to a value of $9,000.00 while the debtors' witness testified that the property was worth $1,000.00. We adopt the value of $1,000.00 for several reasons: The valuation provided by the creditor's witness was predicated on the sale of comparable properties which we believe were not truly comparable. He conceded that he did not view the interior of the house but the debtors' witness did conduct such a survey and found that the house was in such deplorable shape that it could have been "declared unfit for human habitation." Considering the delapidated state of the subject premises and the surrounding houses he testified that there was "no market for this property."

which will be lost upon avoidance of the mortgage, we will deny it relief from the stay.