In re OXFORD ROYAL MUSHROOM
PRODUCTS, INC., Debtor.

Robert H. LEVIN, Trustee for Oxford
Royal Mushroom Products,
Inc., Plaintiff,

v.

POTTS WELDING AND BOILER
REPAIR CO., INC., Defendant.

Bankruptcy No. 81–02434G.
Adv. No. 84–0593G.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 30, 1984.

Nathan Lavine, Barry D. Kleban, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for plaintiff, Robert H. Levin, Trustee for Oxford Royal Mushroom Products, Inc.

Steven T. Stern, Braemer & Kessler, Philadelphia, Pa., for defendant, Potts Welding and Boiler Repair Co., Inc.

Robert H. Levin, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., Trustee.

William T. Windsor, Jr., Philadelphia, Pa., for debtor, Oxford Royal Mushroom Products, Inc.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Allen Dubroff, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The complaint before us seeks the avoidance of a lien. The problem is whether

certain work performed by a creditor on the debtor's steam boilers was "erection and construction" rather than "alteration and repair" within the meaning of Pennsylvania's Mechanics' Lien Law so as to give the creditor a lien in this reorganization proceeding. For the reasons expressed herein we find that the work was an "alteration and repair" and consequently we will avoid the lien.

The facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on June 25, 1981. It contracted for the services of Potts Welding and Boiler Repair Co., Inc. ("Potts") to revamp certain of the debtor's steam boilers. Some of the boilers were on the debtor's realty while others were on property owned by one of the debtor's principal shareholders. The services and material provided by Potts totaled in excess of $90,000.00, $56,493.11 of which is allocable to the boilers on the debtor's realty. Potts' invoice for the completed work accurately summarizes the nature of the work performed: "Furnish labor, material and equipment required to completely retube boiler, replace furnace tube. Hydrostatically test boiler, install new refractory in furnace, seal and close up boiler." The work did not enlarge the boilers and it effected nothing more than very extensive repair and refurbishing of the boilers. After Potts services were rendered, the units did not function differently nor could they be put to new uses.

Potts filed a notice with this court less than one month after the filing of the petition, for the purported purpose of complying with 11 U.S.C. § 546(b). Potts did not file a claim, within four months of the completion of the work, with the prothonotary (Clerk) of the county court for the county wherein the property lies.

We commence our discussion by noting that Potts' mechanics' lien was not perfected when the debtor's petition was filed. Although the automatic stay imposed by 11

U.S.C. § 362(a) would otherwise bar the commencement or continuation of efforts to perfect a lien, § 362(b)(3) exempts from the stay actions to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under 11 U.S.C. § 546(b). Section 546(b) states as follows:

> (b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

As applied to this case, the reference in § 546 to "generally applicable law" is Pennsylvania's Mechanics' Lien Law. Pa. Stat.Ann. tit. 49, §§ 1101, et seq. (Purdon 1965). Under this statute in "the case of the erection or construction of an improvement" the lien shall have a priority "as of the date of the visible commencement upon the ground of the work of erecting or constructing the improvement." § 1508(a). "In the case of the alteration or repair of an improvement, [the priority arises] as of the date of the filing of the claim." § 1508(b). As stated above, the issue is whether the substantial work done to the boilers was "erection or construction" rather than "alteration or repair." We have stated above our factual finding that the work performed was merely repairs, notwithstanding the fact that the repairs were significant. Consequently, the priority of Potts' lien does not antedate the filing of the petition.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

The filing of a petition under the Code vests the trustee with the status of a hypothetical creditor who has a lien on all the debtor's property as of the commencement of the case. 11 U.S.C. § 544. Since after that time there remains no unencumbered property to which the lien may attach, we will avoid the lien under 11 U.S.C. § 506(a) and (d). *Mount Vernon Consumer Discount Co. v. Bracken* (In Re Bracken), 35 B.R. 84 (Bankr.E.D.Pa.1983). This result renders it unnecessary for us to address the alternative contentions raised by the trustee.