**In re Pamela J. EVERETT, Debtor.**

**Pamela J. EVERETT, Plaintiff,**

**v.**

**KIRK MORTGAGE COMPANY and Government National Mortgage Association, Defendants.**

**Bankruptcy No. 84–02071G.**
**Adv. No. 84–1284G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 24, 1985.

Bruce Fox, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff, Pamela J. Everett.

Frank Federman, Lawrence T. Phelan, Federman & Phelan, Philadelphia, Pa., for defendants, Kirk Mortgage Company and Government National Mortgage Association.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The query arising in the controversy before us is whether, under 11 U.S.C. § 506(a) and (d) of the Bankruptcy Code ("the Code"), the debtor may avoid a mortgage on a parcel of her realty to the extent that the encumbrance exceeds the fair market value of her property. Based on the reasons set forth below, we conclude that the mortgage is avoidable insofar as that security interest exceeds the value of the property.

---

We summarize the facts of this controversy as follows:[1] The debtor filed a petition for the repayment of her debts under chapter 13 of the Code in 1984. Included in her estate is a parcel of realty which is encumbered by a mortgage held by the Government National Mortgage Association ("GNMA") although the mortgage is administered by Kirk Mortgage Company ("Kirk"), and insured by the Federal Housing Association. As of the filing of the petition the mortgage secured a debt of $7,014.76 although the fair market value of the property was only $1,500.00. If the debtor had filed a petition under chapter 7 rather than under chapter 13, this would be a "no asset" case. The debtor filed the complaint before us to avoid the mortgage to the extent that the underlying debt exceeds the value of the property.

■ Under the Code, a creditor's claim against the estate is bifurcated into secured and unsecured components. 11 U.S.C. § 506(a). "An allowed claim of a creditor secured by a lien on [estate] property ... is a secured claim to the extent of the value" of the creditor's interest in that item of estate property. *Id.* The remainder of the claim is unsecured. *Id.* Thus, when a mortgage secures a debt which is in excess of the value of the secured property, the excess is not an allowed secured claim but is rather an allowed unsecured claim. The Code provides for the partial or complete avoidance of a mortgage or lien under 506(d):

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

11 U.S.C. § 506(d).[2] We first note that the lien cannot be avoided if the sole reason for the disallowance of the secured claim was 11 U.S.C. § 502(e). § 502(d)(2). Section 502(e) "requires disallowance of the claim for reimbursement or contribution of a co-debtor, surety or guarantor of an obligation of the debtor, unless the claim of the creditor on such obligation has been paid in full." S.Rep. No. 95–989, 95th Cong., 2d Sess. 65, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5851.

■ Second, § 506(d)(1) merely bars the *automatic* disallowance of all or a part of a lien unless a party specifically makes a request for such relief since § 502(a) states that a "claim ... is deemed allowed, unless a party in interest ... objects."

The analysis outlined above meshes with clarifying changes made in § 506(d) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the 1984 Act):

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The 1984 Act eliminated the perceived ambiguity under the earlier version of § 506(d)(1) which suggested to some the need to commence an independent action challenging a proof of claim under § 502.

Although the amendment to § 506 of the Code is not effective as to the case at bench we believe that the 1984 Act effected no substantive change to § 506 but was

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 506(d) was amended by § 448 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 374 (1984) but we have reproduced

§ 506(d) as it stood prior to the passage of the amendment since § 553(a) of the amendment indicates that the change in § 506(d) is only effective as to cases filed more than ninety days after the amendment's passage on July 10, 1984. The case at bench was filed prior to that time.

merely a clarifying change reenunciating Congressional intent on the proper function of § 506 in light of a few aberrational case holdings. Although through statutory amendment a later Congress cannot reinterpret the earlier statute—such being within the proper province of the courts—an amendment may be afforded some weight in divining the intent of the earlier Congress. *Glidden Co. v. Zdanok*, 370 U.S. 530, 541, 82 S.Ct. 1459, 1468, 8 L.Ed.2d 671 (1962); *U.S. v. Tapert*, 625 F.2d 111, 121 (6th Cir.1980); *cert. den.*, 449 U.S. 952 and 1034, 101 S.Ct. 356 and 609, 66 L.Ed.2d 216 and 496 (1980); *May Dept. Stores Co. v. Smith*, 572 F.2d 1275, 1278 (8th Cir. 1978), *cert. den.*, 439 U.S. 837, 99 S.Ct. 122, 58 L.Ed.2d 134 (1978).

■ In the case at bench the debtor has commenced an action under § 506(a) and (d) to avoid a mortgage to the extent the debt underlying the encumbrance exceeds the value of the property as of the filing of the petition. The value of the property is $1,500.00 while the debt is $7.014.76. Under § 506 the mortgage is ostensibly void but for that portion which secures $1,500.00 of debt. *Cosby v. Commercial Banking Corp.* (In Re Cosby), 33 B.R. 947 (Bankr.E.D.Pa.1983); *Bank of New Jersey v. Johnson* (In Re Johnson), 10 B.R. 741 (Bankr.E.D.Pa.1981); *Mount Vernon Consumer Discount Co. v. Bracken* (In Re Bracken), 35 B.R. 84 (Bankr.E.D.Pa.1983).

GNMA disputes this possible result on two bases, the first of which is supported by *Nefferdorf v. Federal National Mortgage Assoc.* (In Re Nefferdorf), No. 83–1217 (E.D.Pa. June 8, 1984), *affirming* 26 B.R. 962 (Bankr.E.D.Pa.1983) (opinion of King, B.J.). In *Nefferdorf* the debtor commenced an action for lien avoidance under § 506 since the debt underlying the mortgage exceeded the value of the realty which it encumbered. After quoting § 502(b), the Bankruptcy Court held that, "None of the reasons to disallow a claim set forth in § 502 are present. The Court, therefore, concludes that this lien will pass through the bankruptcy proceeding unaffected." The district court affirmed this

portion of the decision. As we stated above, a mere request for lien avoidance under § 506 fulfills the requirement of § 506(d)(1), and with this conclusion we hold that on this aspect the decisions in *Nefferdorf* were in error. Since the district court in *Nefferdorf* was not presented for consideration the evidence of Congressional intent in § 506(d) which is reflected in the amendment to that provision by the 1984 Act, we are not bound by that result.

GNMA's second basis for not allowing lien avoidance is also predicated on the district court's opinion in *Nefferdorf*. The court held there that the debtor was not a party in interest within the meaning of § 506 since she did not have a pecuniary interest in the estate to be distributed. It relied on the rule that a debtor generally lacks standing to challenge a distribution of the estate when the debtor is not properly entitled to any possible dividend from it. The basis of the rule is that since the debtor "is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest." *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706–07 (8th Cir.1979). But if the debtor demonstrates some pecuniary interest in the outcome of an objection to a claim, he has thus met the criterion for standing. *Id.; Woodmar Realty v. McLean*, 241 F.2d 768 (7th Cir.1957). In the case at bench the debtor has a real and substantial interest in succeeding in an action under § 506. The debtor wishes to limit GNMA's lien on her property to its value as of the commencement of the case. If the debtor pays off all or part of the $1,500.00 extant debt which will remain after avoidance, any equity arising due to pay-off of the mortgage or an increase in the value of the property will belong to her rather than the creditor. *Dempsey v. Household Finance Corp.* (In Re Dempsey), 39 B.R. 561, 563 (Bankr.E.D. Pa.1984); *Rappaport v. Commercial Banking Corp.* (In Re Rappaport), 19 B.R. 971, 973 (Bankr.E.D.Pa.1982); *Tanner v. Finance America Consumer Discount Company* (In Re Tanner), 14 B.R. 933 (Bankr.W.D.Pa.1981). To this court such

an interest accords the debtor the status of a party in interest. Since the district court apparently did not consider and reject this basis of interest, this aspect of the *Nefferdorf* decision is also not binding on this court. *Woodmar*, 241 F.2d at 771–72.

We will accordingly enter an order avoiding the mortgage but for that portion which secures $1,500.00 in debts.