**In re Diane WELLS, a/k/a Diane Ward, Debtor.**

**Bankruptcy No. 85–02607G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 17, 1985.

As Amended Sept. 25, 1985.

Bruce Fox, Community Legal Services, Inc., Philadelphia, Pa., for movant/debtor, Diane Wells, a/k/a Diane Ward.

Werner H. Von Rosenstiel, Philadelphia, Pa., for mortgagee, Philadelphia Nat. Bank.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The point for resolution in the case before us, is the value of the debtor's home. Although the expert testimony differed, for the reasons expressed below we will adopt the valuation offered by the debtor's appraiser. Accordingly, we will fix the value of the property at $7,500.00 and will avoid its mortgage to the extent the mortgage exceeds $7,500.00.

We find the facts in this controversy as follows:[1] The debtor filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code on June 26, 1985. Her principal asset is her home which is encumbered by a mortgage held by Philadelphia National Bank in an amount in excess of the value of the premises, although there is a dispute as to that value. The debtor's expert appraised the property at $7,500.00 on May 25, 1985, while the bank's expert valued the property at $8,900.00, based on his examination of the realty on July 26, 1985, and these values are reflective of each appraiser's opin-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

ion on the value as of the time of the filing of the petition. Unbeknownst to the bank's appraiser, after the filing of the petition but prior to his appraisal, the debtor had effected repairs to the plumbing, the electrical system and a ceiling in one room. These relatively minor improvements undoubtedly enhanced the value of the residence and we conclude that at least a portion of the discrepancy between the valuations submitted by the two appraisers is attributable to these changes.

The debtor has commenced this proceeding under 11 U.S.C. § 506 and Bankruptcy Rule 3012 to determine the value of the subject realty and to avoid the mortgage to the extent the debt underlying that mortgage exceeds the value of the property. *See, e.g., Brager v. Blum (In Re Brager)*, 39 B.R. 441 (Bankr.E.D.Pa.1984). For the purpose of lien avoidance under § 506 the size of the debt and value of the property are determined as of the date of the filing of the petition. *Brager*, 39 B.R. 441.

In the case at bench the only object in controversy is the value of the debtor's realty. We adopt the valuation offered by the debtor's expert since his appraisal was more nearly reflective of the value of the property as of the date of the filing of the petition since it was in no way predicated on the debtor's postpetition repairs. The same cannot be said for the bank's appraisal. Thus, we find the premises worth $7,500.00.

In light of this conclusion, we will order that the bank's mortgage is avoided to the extent it exceeds $7,500.00, as of the date of the filing of the petition.