In re Andrew E. WHITENER, Sr., Debtor.

Andrew E. WHITENER, Sr., Plaintiff,

v.

Nelletha GRAHAM, Defendant.

Bankruptcy No. 85–03673G.

Adv. No. 86–0021G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 15, 1986.

Jana-Lyn Weisman, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Andrew E. Whitener, Sr.

Michael Gressen, Stephen Derringer, Sidkoff, Pincus and Green, Philadelphia, Pa., for defendant, Nelletha Graham.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for decision is whether we may authorize partial avoidance of a creditor's lien in the debtor's interest in realty under 11 U.S.C. § 506 of the Bankruptcy Code ("the Code"). For the reasons set forth below, we conclude that the lien may be avoided in full.

We summarize the facts of this case as follows:[1] In 1971 the debtor and his wife purchased a parcel of realty as tenants by the entireties. They were divorced four years later, the tenancy by the entireties was severed and each was awarded a one-half interest in the property.

The realty is currently encumbered by the following interests, listed in order of priority from highest to lowest: a first mortgage in the amount of $6,952.54 against the shares of the debtor and his former wife; a lien for $2,000.00 against the debtor; a lien in favor of Nelletha Graham ("Graham") in the amount of $14,-379.00 against the debtor and his former wife; and a second mortgage for $3,568.60 against the debtor. The first mortgage arose prior to the severance of the tenancy of the entireties, although Graham's lien and the $2,000.00 lien arose after the severance. Aggregating the interests of the debtor and his former wife, the property is worth $14,000.00.[2]

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** The debtor's expert on valuation testified that comparable properties sold for $20,000.00, $19,-000.00 and $18,000.00 but these figures were for properties in good or excellent condition. The

parcel in question was in poor condition and would require an infusion of $6,000.00 to restore it to the same condition as the comparable properties.

Graham's appraiser testified that comparable properties sold for $25,000.00, $22,000.00 and $21,000.00. We favor the testimony of the debtor's expert since he had access to the interior of

The debtor filed a petition for relief under chapter 7 of the Code which has since been converted to a chapter 13 case. The debtor then lodged the instant complaint to avoid Graham's lien on his share of the property under 11 U.S.C. § 506 of the Code to the extent that it exceeds the fair market value of the property.

Under the Code, a creditor's claim against the estate is bifurcated into secured and unsecured components. 11 U.S.C. § 506(a).[3] "An allowed claim of a creditor secured by a lien on [estate] property .... is a secured claim of the extent of the value" of the creditor's interest in that item of estate property. *Id.* Thus, when a mortgage secures a debt which is in excess of the value of the secured property, the excess is not an allowed secured claim but is rather an allowed unsecured claim. The Code provides for the partial or complete avoidance of a mortgage or lien under 506(d):

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

We have authorized the avoidance of all or part of a lien or mortgage under this provision several times. *See, e.g., Everett v. Kirk Mortgage Co.* (In Re Everett), 48 B.R. 618 (Bankr. E.D. Pa.1985); *Brager v. Blum* (In Re Brager), 39 B.R. 441 (Bankr. E.D. Pa.1984), *aff'd.,* 49 B.R. 626 (E.D. Pa.1985); *Mt. Vernon Consumer Discount Co. v. Bracken* (In re Bracken), 35 B.R. 84 (Bankr. E.D. Pa.1983).

As applied to the case at hand, the debtor's share of the property is worth only $7,000.00, yet the first and second encumbrances against that share total $8,952.54. Thus, the entirety of Graham's claim is unsecured under § 506(a). We will accordingly avoid Graham's lien in the debtor's share of the property in full. An appropriate order will be entered.

---

the premises while Graham's appraiser made a "windshield appraisal" without seeing the interior of the improvements. We find that the property would sell for $20,000.00 if $6,000.00 of repairs were made. Consequently, we find that the value of the property is the difference between these figures, $14,000.00.

**3.** § 506. Determination of secured status

(a) An allowed claim of a creditor secured by lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).