In re Josephine M. JONES, Debtor.

Josephine JONES, Plaintiff,

v.

MID–PENN CONSUMER DISCOUNT COMPANY, Defendant.

Bankruptcy No. 85–00061G.

Adv. No. 86–0289G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 28, 1986.

Karen J. Vaughn, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Josephine Jones.

Arthur J. Matusow, Edward Seave, Philadelphia, Pa., for defendant, Mid-Penn Consumer Discount Co.

James J. O'Connell, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The question raised in the instant case is whether the defendant's mortgage is avoidable under 11 U.S.C. § 506 of the Bankruptcy Code ("the Code"). For the reasons stated herein, we conclude that it is.

The facts of this case are as follows:[1] The debtor owns a parcel of realty which is encumbered by several liens and mortgages including the mortgage held by the defendant, Mid-Penn Consumer Discount Co. ("Mid-Penn"). The encumbrances superior to Mid-Penn's mortgage are as follows: Internal Revenue Service tax lien, $1,757.07; Philadelphia taxes, $662.02; Second National Mortgage Co., $7,275.00; Housing and Urban Development Lien, $4,371.05. These superior encumbrances aggregate $14,065.14. Mid-Penn's mortgage secures a debt of $4,602.38. The value of the property is question is $12,500.00.[2] The debtor instituted the action at bar in order to avoid the Mid-Penn mortgage.

Under the Code, a creditor's claim against an estate is bifurcated into secured and unsecured components. 11 U.S.C. § 506(a). "An allowed claim of a creditor secured by a lien on [estate] property ... is a secured claim to the extent of the value" of the creditor's interest in that item of estate property. *Id.* The remainder of the claim is unsecured. *Id.* Thus, when a mortgage secures a debt which is in excess of the value of the secured property, the excess is not an allowed secured claim but is rather an allowed unsecured claim. The Code provides for the partial or complete avoidance of a mortgage or lien under § 506(d):

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. The range of testimony on the value was between $9,000.00 and $16,000.00. We choose a mid-range figure.

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d); *Cosby v. Commercial Banking Corp.*, (In Re Cosby), 33 B.R. 947 (Bankr.E.D.Pa.1983); *Bank of New Jersey v. Johnson* (In Re Johnson), 10 B.R. 741 (Bankr.E.D.Pa.1981); *Mount Vernon Consumer Discount Co. v. Bracken* (In Re Bracken), 35 B.R. 84 (Bankr.E.D.Pa.1983); *Everett v. Kirk Mortgage Corp.* (In Re Everett), 48 B.R. 618 (Bankr.E.D.Pa.1985); *In Re Wells*, 52 B.R. 368 (Bankr.E.D.Pa. 1985); *Brager v. Blum* (In Re Brager), 39 B.R. 441 (Bankr.E.D.Pa.1984), *aff'd*, 49 B.R. 626 (E.D.Pa.1985).

■ Applying these authorities to the case at bar, we find that the realty, worth $12,500.00, has encumbrances superior to Mid-Penn's mortgage aggregating $14,-065.14. Under § 506 we will therefore avoid Mid-Penn's mortgage in full.