In re **POLORON PRODUCTS OF BLOOMSBURG, INC., Debtor.**

**POLORON PRODUCTS OF BLOOMSBURG, INC.,**
Plaintiff,

v.

**Dick SANDS, t/a Overhead Door Company of Berwick, Defendant.**

Bankruptcy No. 5–86–00767.
Adv. No. 5–87–0041.

United States Bankruptcy Court,
M.D. Pennsylvania.

July 30, 1987.

John H. Doran, Wilkes-Barre, Pa., for Polaron Products.

Thomas A. James, Jr., Bloomsburg, Pa., for Sands.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Plaintiff, Poloron Products of Bloomsburg, Inc., commenced this action seeking to avoid a Mechanic's Lien which was filed by the defendant, Dick Sands, t/a Overhead Door Company of Berwick.

**1.** This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

An evidentiary hearing was held from which we make the following findings of fact.[1]

1. On December 22, 1986, plaintiff filed a petition under Chapter 11 of the Bankruptcy Code. Plaintiff is now the debtor-in-possession of its business.

2. On January 30, 1987, defendant filed a Mechanic's Lien Claim in the Columbia County Court of Common Pleas against Poloron's premises, which is located in South Centre Township, Columbia County, Pennsylvania. Plaintiff is not the record owner of the above mentioned premises, but is the equitable owner, acquiring said premises through the Bloomsburg Area Industrial Development Authority.

3. Defendant first worked at Poloron's premises on November 14, 1986.

4. Defendant's work included the replacement of three (3) steel overhead sectional doors and the replacement of one (1) steel rollup door. Additionally, defendant performed repair work of various kinds upon the tracks of other doors within the facility and replaced panels in four (4) other steel overhead doors, replacing two panels in each of three doors and one panel in a fourth door.

5. The total cost for the work which was done pursuant to the purchase order was $9,700.00. The work was completed on or about December 5th, with the exception of a truck pad which was to be installed in conjunction with the one rollup steel door.

6. Plaintiff filed its complaint to avoid defendant's mechanic's lien on March 13, 1987.

## DISCUSSION

In addressing this proceeding, we are asked to determine whether the plaintiff can avoid a mechanic's lien which was filed by the defendant. Defendant's Mechanic's Lien claim, which was filed after plaintiff filed its petition in bankruptcy, is

not barred by § 362(a) of the Bankruptcy Code to the extent that it is an attempt to perfect a lien to which the Trustee's rights and powers would be subject under § 546(b). 11 U.S.C. § 362(b)(3); *Levin v. Potts Welding & Boiler Repair Company, Inc.*, 40 B.R. 930 (Bankr.E.D.Pa.1984). Section 546(b) of the Bankruptcy Code provides:

### § 546. Limitations on avoiding powers.

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

In this instance the reference in § 546(b) to "generally applicable law" is Pennsylvania's Mechanic's Lien Law. Pa.Stat.Ann. Tit. 49, Sections 1101 et seq. (Purdon 1965). The Pennsylvania Mechanic's Lien Law provides in pertinent part that:

### § 1508. Priority of lien

. The lien of a claim filed under this act shall take effect and have priority:

(a) In the case of the erection or construction of an improvement, as of the date of the visible commencement upon the ground of the work of erecting or constructing the improvement; and

(b) In the case of the alteration or repair of an improvement, as of the date of the filing of the claim.

■ The question presented in this case is whether certain work performed by defendant on plaintiff's premises was erection or construction, rather than alteration or repair within the meaning of Pennsylvania's Mechanic's Lien Law. The erection or construction of an improvement shall have a priority as of the date of the visible commencement of the work. *Levin v. Potts, supra;* Pa.Stat.Ann.Tit. 49, Section 1508 (Purdon 1965). In the case of an alteration or repair, the priority arises as of the date of the filing of the claim. *Id.* In this instance the defendant visually commenced his work on November 14, 1986. Plaintiff filed its petition in bankruptcy on December 22, 1986. Additionally, on January 30, 1987, defendant filed a Mechanic's Lien Claim in Columbia County. Thus, if defendant's lien was for an erection or construction, it would be effective prior to and, therefore, superior to the Trustee's lien. However, if the defendant's lien was only for alteration or repairs, the lien would be effective post-petition and, therefore, subject to the rights of the Trustee or to the rights of the debtor in possession.

In order to determine whether an addition to a structure is an erection or construction or an alteration or repair, two tests have been used. *Zavislak v. Golumbuski*, 65 Luz.L.Reg. 87 (Pa.Com.Pleas 1974). The first test is whether the addition is substantial enough to be considered a new construction. *Id.* "In virtually all of the cases holding that new construction occurred, the addition was at least as large as the existing building." *Id.* at 91. In this case, the replacement of four doors and the repair of other doors is not substantial enough to be considered a new construction. According to the second test, the addition can qualify as a new construction if the new addition creates a significant change in the use or appearance of the existing structure. *Id.* The second test requires an entire change in the external appearance of plaintiff's building. *Id.* In this case, the replacement of doors and the repair of other doors did not create a significant change in the use or appearance of plaintiff's premises. Consequently, after reviewing the evidence presented in this case, we find that defendant's work constituted an alteration or repair rather than an erection or construction. Therefore, defendant's lien may be avoided by the Trustee or by the debtor-in-possession.

**386**

## CONCLUSIONS OF LAW

1. The work which defendant performed on plaintiff's premises constitutes an alteration or repair rather than a construction or erection. Therefore, the trustee or debtor-in-possession may avoid the Defendant's Mechanic's Lien.