**In re GGC, LLC, a/k/a Glenshaw Glass Company, Debtor.**

**T.P. Electric, Inc., Movant,**

v.

**GGC, LLC, a/k/a Glenshaw Glass Company, Respondent.**

**No. 05–21071–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 22, 2005.

Stanley Edward Levine, Ronald B. Roteman, Campbell & Levine, LLC, Robert O. Lampl, Pittsburgh, PA, for Debtor.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

T.P. Electric, Inc. (hereafter "T.P.") moves for relief from the automatic stay in the instant bankruptcy case so that it may then proceed to complete perfection of its mechanic's lien against the instant debtor, Glenshaw Glass Co. (hereafter "the Debtor"). T.P. performed work for the Debtor between September 29, 2004, and October 8, 2004, which work, pursuant to 49 P.S. § 1301, resulted in T.P.'s mechanic's lien [1] (hereafter "T.P.'s Lien").[2] Although T.P. neglects to inform the Court as to whether the nature of such work constituted the erection or construction of an improvement, on the one hand, or the alteration or repair of an improvement, on the other hand, T.P. maintains that, pursuant to 49 P.S. § 1508(b), T.P.'s Lien was effective against, and had priority over, third parties as of the point in time when T.P. filed its mechanic's lien claim in the Pennsylvania Court of Common Pleas, Allegheny County—because § 1508(b) rather than § 1508(a) applies "in the case of the alteration or repair of an improvement," 49 P.S. § 1508(b) (Purdon's 2005),[3] the Court must conclude that T.P. altered or repaired an improvement owned by the Debtor. The

Debtor does not disagree that the nature of T.P.'s work was to alter or repair property of the Debtor.

T.P. filed its mechanic's lien claim on February 1, 2005, at 4:24 p.m. Also on February 1, 2005, but at 11:39 a.m., an involuntary bankruptcy petition was filed against the Debtor, thereby commencing the instant bankruptcy case. T.P. has yet to comply with all of the lien perfection requirements regarding its lien called for under § 1502(a), namely the service of notice and affidavit requirements. T.P. maintains that it could not comply with such additional perfection requirements without first gaining relief from stay.

■ The Debtor opposes the instant stay relief motion by T.P. on several grounds. First, the Debtor maintains that (a) T.P., by virtue of 11 U.S.C. § 362(b)(3), was not stayed from completing the perfection process relative to T.P.'s Lien, (b) it is now too late, according to § 1502(a), for T.P. to complete such perfection process, (c) T.P.'s Lien accordingly can never be perfected pursuant to relevant state law, and (d) stay relief is consequently uncalled for. Second, the Debtor contends that (a) stay relief, even if it were to be granted and T.P.'s Lien could then be perfected in accordance with state law,

---

1. 49 P.S. § 1301 provides, in pertinent part, that:

   [e]very improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor ... for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement.
   49 P.S. § 1301 (Purdon's 2005).

2. Pursuant to 49 P.S. § 1301, T.P. appears to have possessed a mechanic's lien immediately as of the time that it completed its work for the Debtor, and regardless of whether, pursuant to 49 P.S. § 1502(a), it perfected such

lien, see 23 P.L.E. Mechanics' Liens § 30 at 554 (West 1959) ("As between the claimant and the owner, however, a lien remains effective despite defective entry or indexing").

3. 49 P.S. § 1508 provides that:

   [t]he lien of a claim filed under this act shall take effect and have priority:
   (a) In the case of the erection or construction of an improvement, as of the date of the visible commencement upon the ground of the work of erecting or constructing the improvement; and
   (b) In the case of the alteration or repair of an improvement, as of the date of the filing of the claim.
   49 P.S. § 1508 (Purdon's 2005).

would be utterly futile given that, according to the Debtor, such lien would nevertheless be avoidable and would ultimately be avoided pursuant to 11 U.S.C. § 545(2), and (b) stay relief should not be granted to accomplish a futile act. The Court, based upon the rationale set forth below, agrees with the second of the Debtor's two preceding contentions and, accordingly, denies with prejudice T.P.'s instant stay relief motion.

The Court holds that T.P.'s Lien could not now ever be perfected as of the commencement of the instant bankruptcy case so as to prime, that is outrank, the Debtor's avoidance power under § 545(2) [4] (a) because, even if such lien were to now be perfected in accordance with § 1502(a) subsequent to a grant of stay relief, it could only, pursuant to § 1508(b), have priority against a third party—such as the Debtor via § 545(2)—as of the time when T.P. filed its mechanic's lien claim, (b) since T.P. did not file its mechanic's lien claim until February 1, 2005, at 4:24 p.m., and (c) because the Debtor's priority by virtue of § 545(2) arose as of the time when the instant bankruptcy case was commenced, or on February 1, 2005, at 11:39 a.m.—i.e., the Debtor's priority would always be first-in-time by almost five hours when compared to that of T.P. and, thus, would always be superior to that of T.P.[5] See In re Oxford Royal Mushroom Products, Inc., 40 B.R. 930, 931–932 (Bankr.E.D.Pa.1984) (mechanic's lien in Pennsylvania for alteration or repair is avoidable in bankruptcy if mechanic's lien claim is filed subsequent to the commencement of bankruptcy case); In re Poloron Products of Bloomsburg, Inc., 76 B.R. 383, 384–385 (Bankr.M.D.Pa.1987) (same). The effect of 11 U.S.C. § 546(b)(1)(A) in the instant matter does not change the foregoing analysis because (a) such provision only operates to subject the Debtor's avoidance power under § 545(2) to 49 P.S. § 1508(b), see Oxford Royal, 40 B.R. at 931 ("the reference in § 546 to 'generally applicable law' is Pennsylvania's Mechanics' Lien Law [§ 1508(b)]"); Poloron Products, 76 B.R. at 385 (same), and (b) even after applying § 1508(b) to the instant matter (and even if the Court were to grant stay relief to accomplish perfection via § 1508(b)), the Debtor's avoidance power via § 545(2), as just set forth in the preceding sentence, would still prime T.P.'s Lien, see Id.

T.P. apparently, and bewilderingly, argues that, because its state law right to file its mechanic's lien claim relates back to the time when it completed its work for the Debtor, T.P.'s Lien cannot be primed by the Debtor via § 545(2). Such argument is bewildering, the Court finds, because (a) T.P. itself concedes that its lien nevertheless can only have priority vis-a-vis the Debtor as of the time when such claim was filed rather than when such

---

**4.** The Debtor, because it is a debtor-in-possession in the instant bankruptcy case, is vested with the avoidance powers of a bankruptcy trustee pursuant to, inter alia, § 545(2). See 11 U.S.C.A. § 1107(a) (West 1993).

**5.** 11 U.S.C. § 545(2) provides that:
  The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

  (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.
11 U.S.C.A. § 545(2) (West 1993).

work was performed, and (b) such claim indisputably was filed subsequent to when (i) the instant bankruptcy case was commenced, and (ii) the Debtor's consequent priority by virtue of § 545(2) arose.[6] Therefore, and based upon the foregoing rationale, the Court holds that T.P.'s Lien could not now ever be perfected as of the commencement of the instant bankruptcy case so as to prime the Debtor's avoidance power under § 545(2).

Because T.P.'s Lien could not now ever be perfected as of the commencement of the instant bankruptcy case so as to prime the Debtor's avoidance power under § 545(2), it would, of course, be utterly futile to grant stay relief so as to allow the completion of the perfection of such lien. Furthermore, because stay relief should not be granted to accomplish a futile act, the Court is constrained to deny T.P.'s instant motion for relief from the automatic stay.

As an aside, because the perfection of T.P.'s Lien could never have related back to a point in time pre-petition, and since, consequently, such lien could never have primed the Debtor's avoidance power under § 545(2), the very act by T.P. of filing its mechanic's lien claim approximately five hours after the commencement of the instant bankruptcy case and without the obtaining of stay relief (a) does not fall within the exception to the automatic stay set forth in 11 U.S.C. § 362(b)(3), and (b) constitutes a substantive violation of the automatic stay in the instant case under, at

least, § 362(a)(4) and (5). *See In re Maas*, 69 B.R. 245, 246–247 (Bankr.M.D.Fla.1986) (post-petition perfection of a lien does not violate automatic stay by virtue of §§ 362(b)(3) and 546(b)(1) if such perfection relates back to pre-petition time and such lien accordingly would defeat trustee's avoidance rights under §§ 544 and 545); *In re Westport–Sandpiper Associates Limited Partnership*, 116 B.R. 355, 358–359 (Bankr.D.Conn.1990) (same); *In re Microfab. Inc.*, 105 B.R. 152, 158 (Bankr.D.Mass.1989) (post-petition perfection of a lien does not violate automatic stay by virtue of §§ 362(b)(3) and 546(b)(1) even if such perfection does not relate back to pre-petition time as long as such lien nevertheless would defeat trustee's avoidance rights under §§ 544 and 545).[7] Such stay violation, the Court finds, was unintentional and, therefore, not sanctionable pursuant to 11 U.S.C. § 362(h)—the Court so finds because the involuntary bankruptcy petition in the instant case was filed but roughly five hours prior to when T.P. filed its mechanic's lien claim.

For all of the foregoing reasons, the Court shall deny with prejudice T.P.'s instant stay relief motion. Because T.P.'s Lien is presently, and shall always be, avoidable pursuant to 11 U.S.C. § 545(2), the Court shall also order that T.P.'s filed mechanic's lien claim be stricken.

---

6. T.P. also argues that 11 U.S.C. § 108(c) operates to preserve—i.e., toll the running of—the time period set forth in § 1502(a) within which T.P. would need to complete perfection of its lien once the Court were to grant the stay relief that is presently sought by T.P. While that is true, the Court, for the reasons set forth above, shall not grant such stay relief.

7. The Court's holding that T.P. violated the automatic stay by filing its mechanic's lien claim post-petition and thereby commencing the lien perfection process post-petition serves to defeat the Debtor's first argument in response to T.P.'s instant stay relief motion, that is that T.P., by virtue of 11 U.S.C. § 362(b)(3), was not stayed from completing the perfection process relative to its lien and that such perfection process, accordingly, can no longer be timely completed.