**In re Melvin E. PETERSON, Debtor.**

**CITIZENS STATE BANK OF RAY, Plaintiff,**

v.

**Phillip D. ARMSTRONG, Trustee of the Estate of Melvin E. Peterson; Amoco Oil Co.; Farmers Union Oil Co.; Haugen's, Inc.; Grenora Implement Co.; Hydrotex, Inc.; John Deere Co.; Minot Implement, Inc.; Marshall Peterson; Jerry Rustad; Farmers Home Administration; PCA of Minot; and PCA of Williston, Defendants.**

**Bankruptcy No. 85–05766.
Adv. No. 86–7061.**

United States Bankruptcy Court, D. North Dakota.

Nov. 10, 1987.

Phillip D. Armstrong, Minot, N.D., for trustee.

Cameron Hayden, Bismarck, N.D., for USA/FmHA.

Brent Edison, Williston, N.D., for plaintiff.

Michael Ward, Minot, N.D., for debtor.

Richard P. Olson, Minot, N.D., for PCA.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

By Amended Complaint filed November 26, 1986, the plaintiff, Citizens State Bank of Ray (Bank), invoking section 506 of the Bankruptcy Code, asserts that its claim against the estate is fully secured by virtue of a perfected security interest in various items of personal property and is also perfected against certain real property by virtue of a judgment lien. The Bank also requested that the value of the collateral be established but this portion of the complaint is no longer in issue. Of the thirteen named defendants only the trustee, the estate of Melvin Peterson, and the FmHA interposed answers. The remaining defendants are in default.

By stipulation the Bank and the trustee agree the Bank has a perfected security interest in the Debtor's equipment, tools and two trucks valued at $69,241.50 and that the Bank is entitled to the sum of $57,905.15 and the trustee is entitled to the sum of $7,866.50. The only remaining issue is whether the balance of the Bank's claim evidenced by a judgment lien is valid as against the trustee or whether as the trustee claims, it is voidable pursuant to section 506(d) and section 544(a) of the United States Bankruptcy Code. Trial was held before the undersigned on October 7, 1987. The relevant facts as advanced at trial and as gleaned from the stipulation of uncontested facts may be stated as follows:

### Findings of Fact

The Debtor, Melvin E. Peterson, (now deceased) owned 636.76 acres of farmland in Burke County, North Dakota, and this property constituted as homestead on January 16, 1984 and continuously through December 9, 1985.

Oil and gas deposits valued at $34,800.00 exist on the property and the property has an aggregate fair market value of $234,800.00. FmHA has a valid first mortgage against the land in the sum of $130,789.00.

On January 16, 1984, the Bank obtained a judgment against the Debtor in the sum

of $117,518.15 and this judgment was transcribed and recorded in Burke County, North Dakota on November 1, 1984. The parties agree that the balance of the judgment remaining unsatisfied after deduction of the equipment sale proceeds is $73,039.29.

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on December 9, 1985.

### Conclusions of Law

The Bank, acknowledging FmHA's priority position in the amount of $130,789.00 and the Debtor's $80,000.00 claim of homestead pursuant to North Dakota Century Code § 47–18–01, asserts that there is $24,011.00 of equity remaining with which to partially satisfy its judgment lien which would then leave only $49,028.29 of its judgment unsecured.

The trustee argues that the docketed judgment was ineffective as against his section 544(a) avoidance powers because under North Dakota law the judgment was unperfected against real estate because there was no levy or execution. Moreover, the trustee asserts that the judgment could never become a lien against the real property because the property constituted the Debtor's homestead at the time it was docketed.

1.

■ The trustee's argument that a docketed judgment is not a lien against real property until levied upon is contrary to North Dakota law. Section 28–20–13 of the North Dakota Century Code provides as follows:

"On filing a judgment roll upon a judgment that directs the payment of money, the clerk of the district court in which the judgment was rendered shall docket the judgment in a separate record to be known as the judgment docket. The judgment may be docketed in any other county upon filing with the clerk of the district court of that county a transcript of the original judgment docket. The judgment is a lien on all of the real property, *except the homestead,* which the person may have in any county in which the judgment is docketed at the time of docketing or which the person thereafter acquires in the county, for ten years from the time of docketing the judgment in the county in which it was rendered." (emphasis added).

The general rule of law is that a judgment lien is predicated solely upon entry of judgment and does not depend upon execution for its perfection against real property. *See* 46 Am.Jur.2d *Judgments* § 237, 243, 249. The North Dakota Supreme Court follows this general rule uniformly holding that once docketed, a judgment is a lien against all property and the effectiveness of such lien does not depend upon any further act on the part of the judgment creditor in order to subject real property to the lien. *Jamestown Terminal Elevator, Inc. v. Knopp,* 246 N.W.2d 612, 615 (N.D. 1976); *Agrest v. Agrest,* 75 N.D. 318, 27 N.W.2d 697 (1947); *Finch, Van Slyck & McConville v. Jackson,* 57 N.D. 17, 220 N.W. 130 (1928). The object of a levy is to bring property within the custody of the law. Real property, by virtue of the judgment, is already in custody of the law with nothing more required beyond the docketing. *Winslow v. Klundt,* 51 N.D. 808, 201 N.W. 169 (1924) *see also Travelers Insurance Company v. Lawrence,* 509 F.2d 83 (9th Cir.1974). In the case of *Zink v. James River Nat. Bank,* 58 N.D. 1, 224 N.W. 901 (1929) the North Dakota Supreme Court likened the effect of a properly docketed judgment lien on real property to that of a mortgage. Consistent with section 28–20–13 and by virtue of the foregoing case law this court holds that a judgment lien is perfected as against non-homestead real property by the mere act of docketing.

2.

■ The real property in this case is not merely real property, but also happened to constitute the Debtor's homestead both at the time the judgment was docketed as well as at the time of petition filing. When the property against which a judgment lien is claimed constitutes the homestead the law as regards the status of the judgment lien is dramatically altered. The judgment does not become a lien against real property occupied as a homestead at the time of judgment docketing. *Falconer v. Farm-*

er's U. Oil Co., 260 N.W.2d 1 (N.D.1977); Small v. Cunningham, 120 N.W.2d 13 (N.D.1963); First State Bank of Gackle v. Fischer, 67 N.D. 400, 272 N.W. 752 (1937). Under North Dakota law a judgment can be effective against the excess value of property constituting a homestead only by means of a special method of sale after appraisement as provided for in section 47–18–04 of the North Dakota Century Code. The judgment creditor must, by verified petition, request a state district court to appoint appraisers (N.D.Cent.Code § 47–18–07, 08) and the district court upon notice and hearing may then appoint three appraisers (47–18–09) who, after examination, report back to the court with their determination as to value and whether the real property comprising the homestead can be divided without injury (N.D.Cent. Code § 47–18–10, 11, 12). If the value exceeds the homestead exemption and if no division is realistic then the district court must direct its sale under execution (N.D. Cent.Code § 47–18–13) with the proceeds being first distributed to the homestead claimant and the balance thereafter applied to satisfy the execution (N.D.Cent.Code § 47–18–14). A judgment entered at a time when property was occupied as a homestead does not become a lien against the property until and unless the excepting provision of section 47–18–04 as above outlined is complied with. United States v. Olgeirson, 284 F.Supp. 655, 656 (D.C.N.D. 1968). The Supreme Court of Washington, interpreting statutory language very similar to N.D.Cent.Code ch. 47–18 held that no lien attaches to the excess value of homestead property except by means of appraisement and sale. Mahalko v. Artic Trading Co., 99 Wash.2d 30, 659 P.2d 502 (1983). To hold otherwise, said the court, would chill the ability to sell the homestead because no buyer hoping to increase his equity would purchase the property because any increase in value would go not towards the purchaser's equity but towards satisfaction of the lien with the ultimate effect being to undermine the rights of bona fide purchasers of homestead property.

Under North Dakota law, the exempt nature of homestead property runs with the land and if property comprising the homestead is conveyed, such conveyance is deemed free and clear of any judgment rendered unenforceable by virtue of the property's homestead character. Nelson v. Griggs County, 56 N.D. 729, 219 N.W. 225 (1928); Birks v. Globe International Protective Bureau, 56 N.D. 613, 218 N.W. 864 (1928). These cases suggest that unless a judgment creditor, seeking to impress homestead property with the judgment, proceeds prior to conveyance, to seek appraisement and sale consistent with N.D. Cent.Code § 47–18–04 et seq., a conveyance to a bona fide purchaser of the homestead property operates to forever foreclose the judgment from becoming a lien on the excess value.

By virtue of section 544(a)(3) of the Bankruptcy Code, the trustee becomes, as of the date of filing, cloaked with the rights and powers of a bona fide purchaser of real property and may avoid a transfer of property consistent with applicable state law. In re Flaten, 50 B.R. 186, 192 (Bankr.D.N.D.1985). Consistent with section 544(a)(3) the trustee assumed the fictional status of a bona fide purchaser of the homestead property as of December 9, 1985. As we have seen from the cited case law, a bona fide purchaser of real property comprising the seller's homestead takes free and clear of a judgment rendered unenforceable by virtue of the homestead exception to N.D.Cent.Code § 28–20–13 and the judgment creditor's failure to execute against the excess value by means of appraisement and sale.

The court concludes that because the real property which the Bank seeks to impress with its judgment constituted the Debtor's homestead as of the date of petition filing, its claim of a secured claim in the excess value is voidable by the trustee in his capacity as bona fide purchaser.

The purpose of a section 506 hearing is to determine whether a creditor's claimed security interest should be allowed, reduced or eliminated and to bifurcate an allowed claim into secured and unsecured compenents. A Chapter 7 trustee may invoke section 506(d) to avoid a claimed lien against real property to the extent the lien

is unsecured. *In re Whitener,* 63 B.R. 701 (Bankr.E.D.Pa.1986); *In re Jones,* 64 B.R. 380 (Bankr.E.D.Pa.1986). If a creditor's alleged secured claim against real property is found to be infirm, the property itself as well as any proceeds are free of the claim and pass to the estate. The creditor's claim then becomes unsecured to the extent voided.

In the instant case the Bank's judgment lien is rendered infirm by virtue of the trustee's status of a bona fide purchaser of homestead property and as a consequence, the Bank's claim of a security interest in the $24,011.00 of excess value is voided. Its claim, to the extent not satisfied by the personal property, is wholly unsecured.

Accordingly, and for the reasons stated, IT IS ORDERED that judgment be entered in favor of the defendant, Phillip D. Armstrong, trustee of the estate of Melvin E. Peterson, and against the Citizens State Bank of Ray, the estate of Melvin E. Peterson, and the non-answering defendants as follows:

The claim of Citizens State Bank of Ray in the sum of $73,039.29 is wholly unsecured as against Section 8, Township 159 North, Range 94 West, Burke County, North Dakota and any excess value therein existing over and above FmHA's mortage and the Debtor's homestead exemption.