2015 ND 252

**Kara and Kent POPPE, Plaintiffs and Appellants**

v.

**Theresa STOCKERT, d/b/a Community Blessings and Pamela Hillis, Defendants and Appellees.**

No. 20140463.

Supreme Court of North Dakota.

Oct. 13, 2015.

Rehearing Denied Dec. 1, 2015.

Daniel H. Oster, Bismarck, ND, for plaintiffs and appellants.

Daniel M. Traynor, Devils Lake, ND, for defendant and appellee, Pamela Hillis.

Theresa Stockert (appeared), d/b/a Community Blessings, self-represented, Bismarck, ND, defendant and appellee.

CROTHERS, Justice.

[¶ 1] Kara and Kent Poppe appeal a district court summary judgment dismiss-

ing their conversion claim. We reverse and remand for further proceedings.

I

[¶ 2] Undisputed evidence shows the Poppes rented a house from Hillis for five years, until February 4, 2013 when Hillis served them with an eviction notice for unpaid rent. The district court ordered the Poppes to vacate the property by February 20 at 12:00 p.m. and entered a money judgment against them for $1,544 for past due rent. The Poppes requested and received permission from Hillis to remain on the property an additional five hours to remove their belongings with the assistance of a Welcome House moving truck. The Poppes vacated on February 20 but left personal property in the house. Hillis arranged for Community Blessings, owned by Stockert, to pack, remove and store the remaining property. When the Poppes requested to retrieve their remaining property, Hillis referred them to Stockert. Stockert demanded the Poppes pay $4,600 for packing, moving and storage expenses before the property would be returned. The Poppes did not pay Stockert $4,600 and did not retrieve their property from Community Blessings. The Poppes' washer and dryer remained in the home until sold by Hillis to new renters on May 20, 2013.

[¶ 3] The Poppes sued Stockert for conversion and the parties stipulated the Poppes could retrieve undisputed property from Community Blessings. The Poppes were unable to retrieve all of their property from Community Blessings and litigation continued. The Poppes ultimately joined Hillis as a party to the proceedings and moved to amend the complaint to include an exemplary damages claim alleging Hillis' and Stockert's conduct was oppressive or malicious. Hillis filed a cross-motion for summary judgment alleging a statutory right to dispose of the property, which Stockert joined. The district court entered an order denying the Poppes' motion to amend the complaint and granting summary judgment in favor of Hillis and Stockert. The Poppes appeal.

II

■ [¶ 4] The Poppes argue the district court erred in granting summary judgment because it misinterpreted Hillis' right to remove their personal property from the rental property. Hillis argues she had a right to remove the property under N.D.C.C. § 47–16–30.1 and was therefore entitled to judgment as a matter of law.

"The standard for reviewing summary judgments is well established:

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de

novo on the entire record. *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting *Wenco v. EOG Res., Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701)."
*Johnson v. Shield*, 2015 ND 200, ¶ 6, 868 N.W.2d 368. *See* N.D.R.Civ.P. 56.

[¶ 5] The relevant statute in effect when Hillis removed the Poppes' personal property from the house stated:

· "*Abandoned property—Disposal by lessor.* Property with a total estimated value of not more than one thousand five hundred dollars which is left on the premises of a leased dwelling thirty days after the tenant has vacated the premises after the expiration of the lease term may be retained by the lessor and disposed of without legal process. The lessor is entitled to the proceeds from the sale of the property. The lessor may recover, from the lessee's security deposit, any storage and moving expenses in excess of the proceeds from the sale incurred in disposing of the property. If the lessor removes the abandoned property from the dwelling unit after a judgment of eviction has been obtained and the special execution has been served, the lessor has a lien upon the property for the reasonable amount of any storage and moving expenses and may retain possession of the property until the charges have been paid. The lien does not have priority over a prior perfected security interest in the property."

N.D.C.C. § 47–16–30.1 (1997) (amended April 2013, eff. Aug. 1, 2013).

[¶ 6] The district court determined no material question of fact existed because no conversion occurred where Hillis complied with N.D.C.C. § 47–16–30.1. Citing to the current language of N.D.C.C. § 47–16–30.1, applicable to property valued at $2,500 or less, the district court found Hillis was entitled to remove property

from the house after February 20, Hillis had a lien on the Poppes' personal property until they provided reasonable reimbursement for expenses incurred and Hillis had a right to dispose of the property after twenty-eight days if the costs were not paid. The statute in effect in February 2013 provided abandoned property with a value less than $1,500 could be disposed of after thirty days.

 [¶ 7] The Poppes argue the district court erred in interpreting Hillis' right to dispose of the property without legal process because the items left at the house were worth $8,000 and therefore fell outside of the statutory limit of one thousand five hundred dollars. The Poppes submitted an affidavit with a property listing and valuation. We have acknowledged "[t]he owner of property, both real and personal, is fully competent to testify as to the property's value." *Farmers State Bank of Leeds v. Thompson*, 372 N.W.2d 862, 868 (N.D.1985). Hillis did not offer a different valuation for the property and the district court did not address the valuation. Hillis argues the valuation requirement in the statute had no effect on her ability to dispose of the property because the statute, in conjunction with the eviction judgment, created a lien on the property and a special execution was not needed. The Poppes claim Hillis did not have a statutory lien because the property value exceeded what is allowed for disposal without legal process and Hillis was required to serve a special execution.

"The interpretation of a statute is a question of law and is fully reviewable by this court. *Koch Oil Co. v. Hanson*, 536 N.W.2d 702 (N.D.1995). Our primary goal in construing a statute is to discover the intent of the legislature. *Burlington Northern v. State*, 500 N.W.2d 615 (N.D.1993). We look first to the language of the statute in seeking

to find legislative intent. *Rocky Mountain Oil & Gas Ass'n v. Conrad*, 405 N.W.2d 279 (N.D.1987). If a statute's language is clear and unambiguous, the legislative intent is presumed clear on the face of the statute. *Western Gas Resources, Inc. v. Heitkamp*, 489 N.W.2d 869 (N.D.1992), cert. denied, 507 U.S. 920, 113 S.Ct. 1281, 122 L.Ed.2d 675 (1993). If a statute's language is ambiguous, however, we may look to 'extrinsic aids' in interpreting the statute."

*Northern X–Ray Co., Inc. v. State By and Through Hanson*, 542 N.W.2d 733, 735 (1996).

[¶ 8] Section 47–16–30.1, N.D.C.C. provides landlords with a lien on the abandoned personal property of tenants where eviction judgment and special execution exist. Hillis' eviction judgment against the Poppes included a money judgment. A judgment creditor "any time within ten years after the entry of judgment, may proceed to enforce the [judgment] by execution. [ ... ]." N.D.C.C. § 28–21–01. "The purpose of an execution is to provide a means for a party to recover under a judgment for money damages, the liability for, and amount of which, has been specifically determined by a court." *Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P.*, 260 Conn. 766, 774, 802 A.2d 44 (2002). The statute at issue requires a special execution. A special execution directs the sale of the property and the application of the proceeds in conformity with a judgment. *See* N.D.C.C. § 28–21–04. Hillis admits no special execution was obtained or served on the Poppes.

[¶ 9] A landlord may not permanently take possession of property on which she has a lien without legal process. *See Moriarty v. Dziak*, 435 So.2d 35, 37 (Ala.1983) (Court held summary judgment in favor of landlord inappropriate where tenant forfeited lease and landlord lawfully reentered but improperly retained personal property, without process, as security for past due rent). Hillis' and the district court's reading of the statute ignores the requirement for a special execution. N.D.C.C. § 47–16–30.1. Their interpretation conflicts with established law. Generally, a landlord's statutory lien must be enforced by foreclosure and notice. *See* 49 Am. Jur. 2d *Landlord and Tenant* § 800. A landlord with a lien given by statute must proceed to enforce it according to the methods prescribed by the statute. *Moriarty*, 435 So.2d at 38. A person claiming the benefits of a statutory lien must demonstrate strict compliance with the statute. *Kinskie v. Capstin*, 44 Wash.App. 462, 464, 722 P.2d 876 (1986) (holding a lien expires without valid commencement of an enforcement action, including failure to provide notice required by statute). If the landlord fails to enforce the lien in compliance with the statutorily prescribed procedures, but rather seizes and sells the property by his or her own motion, the landlord may be guilty of conversion. *Moriarty*, 435 So.2d at 38; 49 Am. Jur. 2d *Landlord and Tenant* § 800.

[¶ 10] In 2013, N.D.C.C. § 47–16–30.1 allowed landlords to dispose of a tenant's personal property without legal process if it had been abandoned for thirty days and was valued at $1,500 or less. The same statute provided the landlord a lien on a tenant's abandoned property where an eviction judgment was obtained and a special execution served. A lien is merely an interest a creditor has in another's property until a debt is secured or satisfied. *Black's Law Dictionary* 933 (7th ed.1999). A creditor forecloses a lien to terminate a debtor's interest in the property by title transfer or forced sale of property. *Id.* at 658.

[¶ 11] The statute at issue requires a special execution. In North Dakota, a special execution directs the application of the sale proceeds in conformity with a judgment. *See* N.D.C.C. § 28–21–04. Hillis failed to meet the requirements imposed by N.D.C.C. § 47–16–30.1 by not serving a special execution and by disposing of property valued in excess of $1,500 without legal process. Accordingly, the district court erred in granting summary judgment and allowing Hillis the right to dispose of the Poppes' property without legal process.

[¶ 12] Our interpretation is consistent with the legislative history. Section 47–16–30.1, N.D.C.C., was introduced in 1983 to allow landlords to dispose of property left in a rental unit if it was abandoned for fifteen days and valued at $100 or less. In 1985, landlords' concerns about the difficulty in valuing property caused the legislature to increase the statutory maximum from $100 to $500 and expand the time from fifteen to thirty days. In 1995, the property value increased from $500 to $1,500 to further alleviate concerns about valuation. Landlords recognized that property valued above the statutory maximum could not merely be disposed of after the statutory time period. Testimony to the Committee indicates it was common practice for landlords to obtain a written estimate of the property value to determine whether the statute was applicable or whether the property must be stored for a reasonable period of time. *Hearing on H.B. 1299 before the House Standing Comm.*, 54th N.D. Legis. Sess. (Jan. 16, 1995) (testimony of Rocky Gordon, North Dakota Apartment Assoc.) [*"Hearing on H.B. 1299"*].

[¶ 13] In 1997, the legislature gave landlords a lien on abandoned property where a judgment was obtained and a special execution was served. Landlords who obtained eviction judgments against tenants sought a security interest in a tenant's abandoned property as a way of recouping moving and storage costs. The purpose of the lien was to give landlords a remedy where a tenant abandoned personal property, the landlord moved and stored the property, and the tenant later requested return of property within thirty days. The legislature approved a lien for this purpose provided the landlord obtained an eviction judgment, used a special execution, and the property is valued at $1,500 or more. The statute was not amended again until after the dispute in this case.

[¶ 14] Because Hillis and Stockert do not dispute the $8,000 property valuation, which is above the $1,500 statutory maximum, N.D.C.C. § 47–16–30.1 does not apply. Even where a valid lien under N.D.C.C. § 47–16–30.1 exists, a creditor must foreclose on the lien before terminating the tenant's interest in the property. There is no indication in either the statutory language or the legislative history that the lien created in N.D.C.C. § 47–16–30.1 was intended to circumvent all foreclosure proceedings. Accordingly, Hillis and Stockert did not have a right under N.D.C.C. § 47–16–30.1 to dispose of the Poppes' personal property.

### III

[¶ 15] The Poppes argue the district court erred in denying their motion to amend the complaint to include exemplary damages. "A party may amend its pleading only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires." N.D.R.Civ.P. 15(a)(2). A district court's order denying a motion to amend the complaint will not be reversed by this Court unless an abuse of discretion is shown. *See Isaac v. State Farm Mutual Automo-*

*bile Ins. Co.*, 547 N.W.2d 548, 551 (N.D. 1996).

[¶ 16] Exemplary damages may be awarded in an action for conversion where the jury finds a defendant acted with oppression, fraud or malice. *See John Deere Co. v. Nygard Equipment, Inc.*, 225 N.W.2d 80, 94–95 (N.D.1974) (citing *Remmick v. Mills*, 165 N.W.2d 61, 69 (N.D.1968)). The Poppes argue Hillis was oppressive and malicious because she prevented them from retrieving their property within the thirty day statutory time frame. To assert a claim for exemplary damages for the loss of personal property, "[s]uch deprived person must also have a lawful right to use the property." *Mahanna v. Westland Oil Co.*, 107 N.W.2d 353 (N.D.1960). The district court stated the Poppes had no lawful right to the property because Hillis had a statutory right to remove it and request reimbursement. Because the district court erred in interpreting Hillis' statutory right to dispose of the property, on remand the Poppes may renew their motion to amend the complaint to include exemplary damages.

### IV

[¶ 17] The Poppes argue additional time to conduct discovery was needed. Because we remand for further proceedings, this issue may be moot. To the extent it is not, the Poppes must comply with N.D.R.Civ.P. 56(f)(1). Rule 56(f), N.D.R.Civ.P., allows for additional discovery:

"Should it appear from the affidavits of a party opposing [a summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

*Choice Fin. Group v. Schellpfeffer*, 2006 ND 87, ¶ 25, 712 N.W.2d 855.

[¶ 18] A party invoking N.D.R.Civ.P 56(f) may not "merely recite conclusory, general allegations that additional discovery is needed. Rather, N.D.R.Civ.P. 56(f) requires that the party, preferably by affidavit, identify with specificity what particular information is sought, and explain how that information would preclude summary judgment and why it has not previously been obtained." *Choice Fin. Group*, 2006 ND 87, at ¶ 12, 712 N.W.2d 855. If the Poppes seek additional discovery on remand they should submit an affidavit identifying what information they seek, how it would preclude summary judgment or why the information was not previously obtained.

### V

[¶ 19] Because the undisputed value of the Poppes' personal property exceeds the statutory limit for property that may be disposed of without legal process, and because Hillis did not obtain the special execution required by the statute, the district court erred in its application of N.D.C.C. § 47–16–30.1. We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

[¶ 20] LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ.

GERALD W. VANDE WALLE, C.J., concurs in the result.