FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MARCH 3, 2022
STATE OF NORTH DAKOTA

Corrected Opinion Filed 3/04/22 by Clerk of the Supreme Court

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 43

Howard Malloy and Great Plains Potato

Production, LLP,                                      Plaintiffs and Appellees

v.

James Behrens,                                       Defendant and Appellant

## No. 20210155

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

William L. Caldwell (argued) and Timothy D. Lervick (appeared), Bismarck, ND, for plaintiffs and appellees.

James A. Teigland, Fargo, ND, for defendant and appellant.

# Malloy v. Behrens
## No. 20210155

**VandeWalle, Justice.**

[¶1]   James Behrens appealed from orders granting a petition for appraisal of a homestead, directing the sale of the homestead, and confirming the sale. We conclude the district court misapplied the law in granting the petition for an appraisal. We reverse the orders and remand.

I

[¶2]   Howard Malloy and Behrens were partners in Great Plains Potato Production, LLP. In 2009, Malloy and Great Plains sued Behrens, alleging various claims and requesting the district court order the partnership be dissolved. In 2010, a judgment was entered ordering Behrens' interest in the partnership be transferred to Malloy and Behrens pay the plaintiffs $341,890.26 plus interest.

[¶3]   In February 2020, an execution of judgment was issued directing the sheriff to satisfy the judgment out of Behrens' personal and real property. On April 2, 2020, the sheriff recorded a levy with the county recorder's office, which listed real property Behrens owned among the property upon which Malloy was levying. Behrens objected to the execution and declared various property was exempt from all execution and levy, including that certain real property was his homestead. On May 7, 2020, the sheriff released its levy and recorded the release. In May 2020, the writ of execution was returned partially satisfied.

[¶4]   In June 2020, Malloy petitioned for an appraisal of Behrens' homestead. Behrens objected to the petition for appraisal, arguing there was no levy upon the homestead and statutory requirements for an appraisal were not met. The district court granted Malloy's petition for an appraisal. Behrens appealed, and we dismissed the appeal because the order was not appealable.

[¶5]   In September 2020, the appraisals were filed. All three appraisers concluded the fair market value of the property was $600,000.

1

[¶6]  In October 2020, Malloy moved for an order directing the sale of the homestead. Behrens opposed the motion, arguing Malloy did not receive the consent of Behrens' wife, Julie Behrens, to the sale of the homestead and therefore any sale would be void under N.D.C.C. § 47-18-05. Behrens also argued Malloy did not properly account for all of the liens and encumbrances against the homestead and the district court must set the correct minimum bid for the property including the amount of Malloy's judgment and all other liens and encumbrances.

[¶7]  On March 29, 2021, the district court rejected Behrens' arguments and granted Malloy's motion and ordered the sale of the homestead property. The court concluded Julie Behrens' consent was not required. The court also concluded the minimum bid received must exceed the balance of the mortgage on the property plus one hundred thousand dollars and Malloy's recovery was limited to any proceeds received over and above that amount. A special execution was issued, directing the sheriff to sell the property. Behrens filed a notice of appeal, appealing the order granting the petition for appraisal and the order granting the petition for sale.

[¶8]  Behrens' homestead property was sold at a public auction to Malloy. On June 3, 2021, the sheriff's report of sale was filed. Malloy filed a proposed order confirming the sale, and Behrens objected. On June 7, 2021, the district court confirmed the sale. On August 3, 2021, Behrens filed a notice of appeal from the order confirming sale.

II

[¶9]  Malloy argues the appeal is moot and should be dismissed because Behrens did not seek a stay under N.D.R.Civ.P. 62(h) before the property was sold.

[¶10] Rule 62, N.D.R.Civ.P., provides rules for the stay of a proceeding to enforce a judgment, and states:

> Undertaking to Stay Execution for the Sale or Delivery of Real Property on Appeal. If the judgment directs the sale or delivery of possession of real property, its execution is not stayed on appeal

2

> unless an undertaking is executed on behalf of the appellant by at least two sureties, for a sum as directed by the court.

N.D.R.Civ.P. 62(h).

[¶11] The failure to obtain a stay may moot issues raised on appeal. *In re Estate of Shubert*, 2013 ND 215, ¶ 17, 839 N.W.2d 811. We have generally recognized the failure to obtain a stay of a court ordered conveyance of real property to a third party uninterested in the action moots issues raised on appeal about the conveyance. *Id.* at ¶ 18. We explained we lack jurisdiction over the property and are unable to provide relief from the order approving the sale of land when the conveyance was completed and the appealing party failed to obtain a stay of the order. *Id.* at ¶ 19.

[¶12] However, this was not a sale to an uninterested third party. The property was sold to Malloy. Moreover, the sale is not yet final because a redemption period applies and has not yet expired. A judgment debtor has a statutory right to redeem the property from the purchaser during the redemption period. *See* N.D.C.C. § 28-24-02. The judgment debtor retains the legal title to the property after execution, levy, and sale until the redemption period has expired. *CIT Group/Equip. Fin., Inc. v. Travelers Ins. Co.*, 504 N.W.2d 565, 568 (N.D. 1993). In this case, the sale of the real property was subject to a one-year redemption period, which expires on June 1, 2022, one year from the date of the sheriff's sale. *See* N.D.C.C. § 28-24-02. The sale is not final. We conclude the appeal is not moot. *See In re Estate of Johnson*, 2015 ND 110, ¶ 10, 863 N.W.2d 215 (holding appeal was not moot and the court was not deprived of jurisdiction over the property when the sale of property was to an "interested person" involved in the proceedings).

### III

[¶13] Behrens argues the district court erred by granting Malloy's petition for appraisal. He claims a court can only grant a petition to appoint an appraiser under N.D.C.C. § 47-18-06 if an execution and levy is pending at the time the application for appraisal is made, and there was no execution or levy pending in this case when Malloy's petition for appraisal was filed.

3

[¶14] Statutory interpretation is a question of law, which is fully reviewable on appeal. *Mattern v. Frank J. Mattern Estate ex rel. Erickson*, 2015 ND 155, ¶ 10, 864 N.W.2d 458. Homestead statutes are to be liberally construed with a view of protecting the homestead. *Id.* at ¶ 14.

[¶15] The homestead, as created, defined, and limited by law, is exempt from all process, levy, or sale. N.D.C.C. § 28-22-02(7); *see also* N.D.C.C. § 47-18-01 (stating the homestead is exempt from judgment lien and execution or forced sale except as provided in chapter 47-18). "The homestead of any individual, whether married or unmarried, residing in this state consists of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, . . . the total not to exceed one hundred thousand dollars in value, over and above liens or encumbrances or both." N.D.C.C. § 47-18-01. A homestead is subject to execution or forced sale to satisfy a judgment when, "upon an appraisal as provided by section 47-18-06, it appears that the value of the homestead is more than one hundred thousand dollars over and above liens or encumbrances on the homestead, and then only to the extent of any value in excess of the sum total of the liens and encumbrances plus said one hundred thousand dollars." N.D.C.C. § 47-18-04(4).

[¶16] Section 47-18-06, N.D.C.C., states, "When an execution for the enforcement of a judgment obtained in a case . . . is levied upon the homestead, the judgment creditor may apply to the district court in the county in which such homestead is situated for the appointment of persons to appraise the value thereof." Section 47-18-07, N.D.C.C., states an application for an appraisal must be made upon a verified petition showing:

    1. The fact that an execution has been levied upon the homestead;
    2. The name of the claimant; and
    3. That the value of the homestead exceeds the amount of the homestead exemption.

The district court may appoint the appraisers "upon proof of the service of the notice and petition provided for in section 47-18-08 and of the facts stated in the petition." N.D.C.C. § 47-18-09.

4

[¶17] In this case, an execution was issued, the sheriff recorded the levy, but the sheriff released the levy and returned the execution before Malloy filed the petition for appraisal. The district court granted Malloy's petition for an appraisal of the homestead and rejected Behrens' arguments that there was no levy upon the homestead, concluding N.D.C.C. § 47-18-06 only requires that the homestead be levied upon and it does not require that the levy not be released.

[¶18] The plain language of N.D.C.C. § 47-18-06 states when an execution is obtained and levied upon the homestead, the judgment creditor may apply for the appointment of appraisers. Section 47-18-07, N.D.C.C., states the petition for appraisal must show the fact that an execution has been levied upon the homestead. Words and phrases in a statute are construed according to the context and rules of grammar. N.D.C.C. § 1-02-03. The statutes use the words "is" and "has been levied," which indicate the act occurred and continues in the present. The use of this verb tense indicates a temporal connection between the existence of the levy and the petition for appraisal. *See State v. Azure*, 2017 ND 195, ¶ 17, 899 N.W.2d 294. We conclude the plain language of the statutes requires there be an execution and levy on the property at the time of the petition for an appraisal.

[¶19] Furthermore, there is a purpose to the process required by the statutory law. "The purpose of an execution is to provide a means for a party to recover under a judgment for money damages, the liability for, and amount of which, has been specifically determined by a court." *Poppe v. Stockert*, 2015 ND 252, ¶ 8, 870 N.W.2d 187 (quoting *Suffield Dev. Assocs. Ltd. P'ship v. Nat'l Loan Inv'rs, L.P.*, 802 A.2d 44 (Conn. 2002)). The execution authorizes the officer to carry a judgment into effect and to levy on the property. 33 C.J.S. *Executions* § 1 (2021); *see also* N.D.C.C. § 28-21-05 (authorizing the clerk of court to issue an execution to the sheriff); N.D.C.C. § 28-21-06 (required contents of execution). "The object of a levy is to bring property within the custody of the law." *In re Peterson*, 80 B.R. 167, 169 (D. N.D. 1987). Generally, a levy is an indispensable step toward the consummation of an execution sale. 33 C.J.S. *Executions* § 134 (2021); *see also* N.D.C.C. § 28-21-11 (levy and sale); N.D.C.C. § 28-21-12 (notice of levy). The mere issuance of an execution does not give the

officer the right of possession of any property until he has levied the writ, and a levy on the property may be required to enable the sheriff to sell the property and vest in the purchaser a valid title. 33 C.J.S. *Executions* § 134 (2021).

[¶20] Here, the levy was released and the writ of execution had been returned before the petition for appraisal was filed. The release states, "I hereby release and discharge each and every part of the said property herein described from the said levy, and from the notice and effect of said levy, and I hereby abandon, waive, discharge & cancel the said levy." The writ of execution was returned, stating it was partially satisfied. There was no current execution or levy when Malloy petitioned for appraisal. The statutory requirements were not complied with. We conclude the district court misapplied the law and erred in granting Malloy's petition for appraisal.

IV

[¶21] Behrens also argues the district court erred when it granted Malloy's motion for an order directing the sale of the homestead. Behrens claims Malloy was required to receive consent for the sale from Behrens' wife, Julie Behrens. He also claims the appraised value of the homestead did not exceed the homestead exemption amount. Although we have already determined the district court erred by granting the petition for appraisal, we will address Behrens' arguments because these issues are likely to arise again. *See Quamme v. Quamme*, 2021 ND 208, ¶ 12, 967 N.W.2d 452.

A

[¶22] Behrens claims Malloy was required to receive Julie Behrens' consent to the sale of the homestead before the homestead could be sold. He contends N.D.C.C. § 47-18-05 requires an instrument conveying or encumbering a homestead to be executed and acknowledged by both spouses, the buyer of the homestead in a sale under execution receives a sheriff's certificate and deed, and therefore the sheriff's deed in this case will be void unless signed by Julie Behrens.

6

[¶23] The district court rejected Behrens' argument that Julie Behrens' consent to the sale was required. The court explained Behrens' interpretation of N.D.C.C. § 47-18-05 would frustrate the purpose of N.D.C.C. ch. 47-18.

[¶24] Section 47-18-05, N.D.C.C., states, "The homestead of a married person . . . cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife." We presume the legislature did not intend a statute to be interpreted in a manner that would lead to an absurd, ludicrous, or illogical result. *Brossart v. Janke*, 2020 ND 98, ¶ 12, 942 N.W.2d 856. We construe statutes in a practical manner and give consideration to the context of the statute and the purpose for which it was enacted. *Id.*

[¶25] This Court has previously held statutory law requiring the instrument by which homestead property is conveyed or encumbered to be executed and acknowledged by both spouses was designed to merely protect the homestead as limited in both area and value under other sections of the chapter. *Severtson v. Peoples*, 148 N.W. 1054, 1059 (N.D. 1914). Section 47-18-01, N.D.C.C., states the homestead of any individual shall not exceed one hundred thousand dollars in value, over and above liens and encumbrances. Interpreting N.D.C.C. § 47-18-05 to require a spouse's signature under the circumstances of this case would give the spouse power in excess of the homestead exemption and we have previously determined that was not the legislature's intent. *See Severtson*, at 1059.

[¶26] Behrens claims this case is similar to *Kipp v. Sweno*, 683 N.W.2d 259 (Minn. 2004), and any conveyance of the property requires Julie Behrens' consent even though she is not on the title. In *Kipp*, 683 N.W.2d at 266, the Minnesota Supreme Court held a debtor's homestead property, held in joint tenancy with his non-debtor wife, could not be unilaterally severed through an execution sale to satisfy a judgment against the debtor because it would dispose of or eliminate the wife's possessory or occupancy interest, right of survivorship, and remainder interest in the homestead property. The court further held that a judgment creditor cannot acquire more property rights than

7

those held by the debtor and that a judgment debtor may not increase the reach of the judgment lien beyond property owned by the judgment debtor. *Id.*

[¶27] This case is different from *Kipp*. Behrens admits Julie Behrens is not on the title to the property. The homestead property in this case is not held in joint tenancy and Julie Behrens only has a homestead interest in the property. Her interest will be protected through the homestead exemption. N.D.C.C. §§ 47-18-13, 47-18-14. *See Kipp*, 683 N.W.2d at 267 (vacating the lower court's decision "relating to a credit bid at an execution sale where the homestead exemption was not paid out of the proceeds of the execution sale in cash to appellant and/or his spouse."). We conclude Julie Behrens' signature is not required for a forced sale of the property under N.D.C.C. ch. 47-18.

B

[¶28] Behrens claims the amount of the homestead exemption must include the balance still owing on the current judgment and the minimum bid must exceed that total amount.

[¶29] Section 47-18-04(4), N.D.C.C., provides that a homestead may be subject to execution or forced sale to satisfy a judgment when it appears from the appraisal that the value of the homestead is more than one hundred thousand dollars over and above liens or encumbrances on the homestead, and only to the extent the value exceeds the total of the liens and encumbrances plus one hundred thousand dollars. Section 47-18-13, N.D.C.C., states the court must order a sale of the property under the execution if the appraised value of the homestead property exceeds the amount of the homestead exemption and further states, "At such sale no bid must be received unless it exceeds the amount of the homestead exemption." Section 47-18-14, N.D.C.C., further states, "If the sale of a homestead is made as provided in section 47-18-13, the proceeds thereof to the amount of the homestead exemption must be paid to the claimant and the residue applied to the satisfaction of the execution." Under the plain language of these statutes, the minimum bid must be more than the homestead exemption, which is the sum total of the liens and encumbrances plus one hundred thousand dollars, and only the amounts above the homestead exemption may be used to satisfy the judgment.

[¶30] Behrens contends the judgment in the current case is a lien for purposes of Chapter 47-18 and must be included in calculating the total of the liens and encumbrances on the homestead to determine the amount of the minimum bid on the property. Behrens argues the district court incorrectly calculated the amount of the homestead exemption because it did not include the balance of the judgment in that amount.

[¶31] Behrens' argument is without merit. A judgment does not become a lien against homestead property at the time of judgment docketing. *See* N.D.C.C. § 28-20-13 (stating a judgment is a lien on all real property, except the homestead, of a person against whom the judgment is rendered); *see also Peterson*, 80 B.R. at 169. A judgment can be effective against the excess value of the property constituting a homestead if the statutory process in Chapter 47-18 is complied with, but the judgment does not become a lien against the property until the statutory process is complied with. *Peterson*, at 170.

[¶32] We conclude the judgment in the current case is not included in the liens and encumbrances on the homestead for the purpose of calculating the exemption amount.

V

[¶33] We have considered all remaining issues or arguments raised by the parties and have determined they are either unnecessary to our decision or are without merit. We reverse the orders granting the petition for appraisal of the homestead, directing the sale of the homestead, and confirming the sale. We remand for further proceedings consistent with this opinion.

[¶34] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte