# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 199

Howard Malloy and Great Plains Potato
Production, LLP,

Plaintiffs and Appellees

v.

James Behrens,

Defendant and Appellant

### No. 20240071

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Benjamin J. Sand (argued) and W. Logan Caldwell (on brief), Bismarck, ND, for plaintiffs and appellees.

James A. Teigland, Fargo, ND, for defendant and appellant.

**Malloy, et al. v. Behrens**
**No. 20240071**

**Crothers, Justice.**

[¶1]   James Behrens appeals from orders granting a petition for an appraisal of his homestead, directing the sale of the homestead, and confirming the sale. We hold the district court correctly decided the sheriff complied with a law requiring personal property be used to satisfy a judgment before real property, but the court erred when it applied a homestead exemption amount not in effect when the sale occurred and when it allocated sale proceeds to satisfy a superior mortgage rather than the judgment. We affirm in part, reverse in part, and remand for proceedings consistent with this decision.

I

[¶2]   In 2010, Howard Malloy obtained a judgment against Behrens in a lawsuit concerning their partnership. The judgment ordered that Behrens's interest in the partnership be transferred to Malloy and that Behrens pay $341,890.26 plus interest. Behrens's homestead property, which was subject to a mortgage issued in 2006, was sold at an execution sale. Behrens appealed from an order confirming the sale. In *Malloy v. Behrens*, 2022 ND 43, 971 N.W.2d 392 ("*Malloy I*"), we reversed and remanded holding the district court erred when it granted a petition for an appraisal when there was no execution or levy pending.

[¶3]   After remand, the district court issued a new execution to the Morton County Sheriff, and the sheriff returned it unsatisfied on September 13, 2022. The court issued another execution on September 14, 2022, which resulted in the Morton County Sheriff placing a levy on Behrens's homestead. On May 24, 2023, the court entered an order directing an appraisal of the property. In June 2023, the appraisers returned values for the property between $715,000 and $721,000. On August 1, 2023, amendments increasing the homestead exemption from $100,000 to $150,000 went into effect. *See* 2023 N.D. Sess. Laws ch. 299, §§ 2-4; *see also* N.D. Const. art IV, § 13 (providing the effective date for legislation).

[¶4]   On August 23, 2023, the district court ordered the Morton County Sheriff to sell Behrens's homestead at an execution sale. On November 7, 2023, Malloy

1

purchased the property at a public auction for $759,004.65. The district court entered an order confirming the sale on January 8, 2024. The court applied a homestead exemption based on the pre-amendment $100,000 value, deducted costs of the sale, set aside $118,866.27 as "owed to lender" for Behrens's existing mortgage, and applied $526,827.86 of the sale proceeds towards satisfaction of the judgment. The court explained Behrens "will be paid the $100,000.00 required by statute via cash or its equivalent, and will also be paid the balance of the liens or encumbrances via [Malloy] taking the property subject to the mortgage—accounting for the entirety of the Homestead Exemption." Behrens appeals.

II

[¶5] Behrens argues the district court erred when it decided the sheriff complied with a law requiring personal property be used to satisfy the judgment before real property; erred when it did not apply the increased homestead exemption amount in effect when the execution sale occurred; and erred when it allowed Malloy a "credit" for the amount of the mortgage encumbering the property.

[¶6] Judgment creditors have the right to enforce a judgment by execution as provided in N.D.C.C. ch. 28-21. "'The purpose of an execution is to provide a means for a party to recover under a judgment for money damages, the liability for, and amount of which, has been specifically determined by a court.'" *Malloy I*, 2022 ND 43, ¶ 19 (quoting *Poppe v. Stockert*, 2015 ND 252, ¶ 8, 870 N.W.2d 187). The execution provides a means for recovery by authorizing an officer to "carry a judgment into effect and to levy on the property." *Malloy I*, at ¶ 19 (quoting 33 C.J.S. *Executions* § 1 (2021)); *see also* N.D.C.C. § 28-21-10 (stating officer "shall proceed to execute the execution with diligence").

[¶7] Our constitution protects a debtor's right "to enjoy the comforts and necessaries of life" by exempting from forced sale "a homestead, the value of which shall be limited and defined by law." N.D. Const. art. XI, § 22; *see also First Nat'l Bank v. Hallquist*, 184 N.W. 269, 271 (N.D. 1921) (stating "this constitutional provision requires the Legislature to pass laws exempting the homestead from

2

forced sale"). Homestead protections are codified in N.D.C.C. ch. 47-18. "[T]he precise intent of the homestead provisions is to place designated homestead property out of the reach of creditors while it is occupied as a home, or as otherwise stated, to secure a debtor and his family essential shelter from creditors." *Farstveet v. Rudolph*, 2000 ND 189, ¶ 11, 630 N.W.2d 24; *see also Swingle v. Swingle*, 162 N.W. 912, 915 (N.D. 1917) ("The homestead law of the state is founded upon sound reasons of public policy . . . . The object of the homestead law is the protection of the family.").

[¶8] When interpreting homestead statutes, we apply liberal construction "with a view of protecting the homestead." *Mattern v. Frank J. Mattern Estate*, 2015 ND 155, ¶ 14, 864 N.W.2d 458. Our policy of liberally construing homestead laws "has been consistently pursued ever since statehood and during territorial days." *O'Hare v. Bismarck Bank*, 178 N.W. 1017, 1019 (N.D. 1920). Our general rules of statutory construction apply:

> "Our primary goal in construing a statute is to discover the intent of the legislature. We look first to the language of the statute in seeking to find legislative intent. If a statute's language is clear and unambiguous, the legislative intent is presumed clear on the face of the statute. If a statute's language is ambiguous, however, we may look to extrinsic aids in interpreting the statute."

*Poppe*, 2015 ND 252, ¶ 7 (cleaned up) (quoting *Northern X-Ray Co., Inc. v. State*, 542 N.W.2d 733, 735 (N.D. 1996)). Statutory interpretation presents a question of law fully reviewable on appeal. *Malloy I*, 2022 ND 43, ¶ 14.

A

[¶9] Behrens argues N.D.C.C. § 28-21-06 requires that sheriffs conduct independent searches for personal property for each execution a district court issues.

[¶10] Under N.D.C.C. § 28-21-04, when "the judgment requires the sale of property, the judgment may be enforced by a special execution directing the sale and application of the proceeds in conformity with the judgment." The clerk of court issues the execution to the sheriff of the county where the judgment is

3

docketed. N.D.C.C. § 28-21-05. "The execution authorizes the officer to carry a judgment into effect and to levy on the property." *Malloy I*, 2022 ND 43, ¶ 19. The levy brings the property into the custody of the law. *Id.*

> "Upon receipt of an execution, the sheriff shall:
>
> 1. Satisfy the judgment . . . out of the personal property of the judgment debtor, and if sufficient personal property cannot be found, out of the real property belonging to the debtor on the date when the judgment was docketed in the county or at any time after that date."

N.D.C.C. § 28-21-06(1).

[¶11] Behrens claims the Morton County Sheriff violated the law because the sheriff's office did not conduct a renewed search for personal property when it received the last execution issued in this case. However, no language in N.D.C.C. § 28-21-06(1) specifies where, how, or when the sheriff must attempt to locate personal property. The operative question when deciding if a violation of N.D.C.C. § 28-21-06 occurred is whether the sheriff used real property when sufficient personal property could be found. A Morton County Sheriff's sergeant testified the sheriff's office searched for personal property and was unable to locate any prior to levying on Behrens's real estate. Behrens does not dispute the sergeant's testimony. Nor does he claim personal property existed that the sheriff could have found. Under these circumstances, the district court did not err when it decided the Morton County Sheriff complied with N.D.C.C. § 28-21-06.

B

[¶12] Behrens asserts the district court erred by applying the homestead exemption of $100,000 that existed when this collection action began. He asserts he is entitled to the increased $150,000 homestead exemption in effect when his real estate was sold at the execution sale.

[¶13] Determining which version of a statute applies is a question of law. *State v. Larsen*, 2023 ND 144, ¶ 9, 994 N.W.2d 194. "In order for a court to retroactively apply a statute, the statute itself must generally contain language expressly

declaring the statute to be retroactively applied." *Senger v. Senger*, 2022 ND 229, ¶ 11, 983 N.W.2d 160. This general rule is based on a cannon of construction stating "[n]o part of this code is retroactive unless it is expressly declared to be so." N.D.C.C. § 1-02-10. This canon of construction is "'subservient to the main rule that the intent and purpose of the legislature must be given effect.'" *Smith v. Baumgartner*, 2003 ND 120, ¶ 14, 665 N.W.2d 12 (quoting *State v. Davenport*, 536 N.W.2d 686, 688 (N.D. 1995)).

[¶14] Applying a statute retroactively results in the attachment of new legal consequences to past matters. *Klein v. Klein*, 2016 ND 153, ¶ 7, 882 N.W.2d 296. Applying a statute prospectively results in the attachment of legal consequences to matters occurring after its effective date. *Id.* "'[T]he court must ask whether the new provision attaches new legal consequences to events completed before its enactment.'" *Smith*, 2003 ND 120, ¶ 12, (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994)). This requires an examination of "when the animating event under the statute occurs." *Klein*, at ¶ 7. A relevant consideration is "'the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event.'" *Smith*, at ¶ 12 (quoting *Landgraf*, at 270).

[¶15] The legislature raised the homestead exemption value from $100,000 to $150,000 after this collection action began but before the execution sale occurred. *See* 2023 N.D. Sess. Laws ch. 299, §§ 2-4. Malloy argues applying the increased homestead exemption amount is a retroactive application of the law. He asserts the animating event is the "moment Behrens availed himself of the $100,000 Homestead Value" because that action "provided the foundation" for the next steps in the collection process, which "vested Malloy with certain rights as a judgment creditor." However, Malloy has not identified a vested right he had that would be retroactively affected by applying the current homestead amount. The law at issue exempts the homestead—whatever its value may be—from "judgment lien and from execution or forced sale." N.D.C.C. § 47-18-01. Thus, animating events under the statute are when a judgment lien is obtained, when an execution is issued, or when a forced sale occurs. Here, the legislature increased the exemption before Behrens's property was sold. Applying the amended law to an occurrence that happened after its effective date is not a

retroactive application. The district court erred when it applied the $100,000 homestead exemption that was not in effect when Behrens's property was sold at the execution sale.

C

[¶16] Behrens argues the district court erred because the court did not require Malloy to pay the full amount of his bid. He claims the court improperly allowed Malloy "credit" for the amount of the existing mortgage, which he asserts is inconsistent with the statutory redemption process. He asserts Malloy should have to pay him $150,000 "plus the balance of his mortgage[]." Malloy, on the other hand, asserts the district court correctly allocated a portion of the bid amount as "owed to lender" to account for the fact that he took the property subject to the mortgage. The parties' arguments require resolution of two questions: Is the mortgage amount part of the value of the homestead exemption as Behrens claims? And if not, is Malloy excused from paying a portion of the bid price because he took the property subject to the mortgage? We answer both of these questions "no." The value a debtor may claim exempt is $150,000. Sale proceeds in excess of this value must be applied towards satisfaction of the judgment.

1

[¶17] We first address Behrens's assertion that the amount of a lien or encumbrance on a homestead is part of the value of the homestead exemption. Under N.D.C.C. § 47-18-01, a debtor's homestead is "exempt from judgment lien and from execution or forced sale." A homestead consists of the land on which the debtor resides and the dwelling in which the debtor lives, "the total not to exceed one hundred fifty thousand dollars in value, over and above liens or encumbrances or both." *Id.* At a homestead sale, no bid can be received unless it exceeds the amount of the homestead exemption. N.D.C.C. § 47-18-13. When the homestead is sold, "the proceeds thereof to the amount of the homestead exemption must be paid to the claimant" and the rest applied toward satisfaction of the execution. N.D.C.C. § 47-18-14.

6

[¶18] Behrens argues the "over and above" liens and encumbrances language in N.D.C.C. ch. 47-18 means "in addition to," and therefore the value of his homestead exemption is $150,000 plus the amount of his mortgage. Thus, Behrens asserts he is entitled to payment from the sale proceeds of $150,000 plus payment for the amount of his existing mortgage. Behrens's argument, and the district court's reasoning in this case, appear to be based in part on confusion regarding language in *Malloy I*, 2022 ND 43, ¶ 29, where we said: "the minimum bid must be more than the homestead exemption, which is the sum total of the liens and encumbrances plus one hundred thousand dollars, and only the amounts above the homestead exemption may be used to satisfy the judgment." We made this statement in the context of deciding whether "the amount of the homestead exemption must include the balance still owing on the current judgment." *Id.* at ¶ 28. To the extent our statements in *Malloy I* imply the sum of liens and encumbrances on a property are part of the value of the homestead exemption a debtor must be paid upon a sale, or represent amounts that cannot be used to satisfy a judgment, we clarify our statement here. As we explain below, the value of the homestead exemption is $150,000.

[¶19] The "over and above" liens and encumbrances language used in N.D.C.C. ch. 47-18 describes the starting point for determining the value of the exemption. "The initial, and critical, step taken when a judgment lien is asserted against homestead property is to determine if the debtor has equity in the homestead in excess of the amount sheltered by the homestead exemption." *Rumage v. Gullberg*, 611 N.W.2d 458, 465 (Wis. 2000). The Minnesota Court of Appeals, addressing its similar homestead provisions, described the process:

> "[S]ales of a homestead under execution are accomplished by bid and the bids will reflect any prior encumbrance or encumbrances on the property. Therefore, the sale price of a homestead under execution will reflect the property's equity. No bid on a homestead under execution can be accepted unless the bid 'exceeds the amount of the homestead exemption.' Minn. Stat. § 550.175, subd. 4(e). Thus, '[i]f no bid exceeds the exemption, the homestead is exempt.' *Id.* Alternatively stated: if there is less equity in a homestead than is protected by the homestead-exemption statute, all of that equity is exempt. Similarly, from the proceeds of a sale of a homestead sold

7

under execution, 'the court shall pay the debtor the amount of the homestead exemption' and apply the remainder on the execution. Minn. Stat. § 550.175, subd. 4(d). Thus, if there is more equity in a homestead than is protected by the homestead-exemption statute, the full amount protected by the statute is paid to the debtor and only the remainder is used to satisfy the execution."

*Baumann v. Chaska Building Ctr., Inc.*, 621 N.W.2d 795, 798 (Minn. Ct. App. 2001) (alteration in original).

[¶20] Contrary to Behrens's suggestion, the "over and above" liens and encumbrances language in N.D.C.C. ch 47-18 does not mean a debtor is entitled to payment of $150,000 "in addition to" payment based on the amount of debt encumbering the property. Rather, chapter 47-18 allows a debtor to claim as exempt up to $150,000 of equity in the homestead. This is accomplished by requiring bids to be more than $150,000 plus the value of liens and encumbrances. *See* N.D.C.C. §§ 47-18-01 and 47-18-13. If a property is not worth more than this amount, it harbors no value a creditor can apply towards a judgment. In this case, Malloy purchased Behrens's homestead for roughly $759,000. According to the district court, the balance on Behrens's mortgage was roughly $119,000. Behrens is therefore entitled to payment of the $150,000 exemption.

2

[¶21] Malloy claims he is excused from paying a portion of his bid because he took the property subject to Behrens's mortgage.

[¶22] Sales of property under execution must be made at a public auction to the highest bidder. N.D.C.C. § 28-23-07. After a sale is confirmed by the district court, the officer who conducted the sale "shall pay the money to the person entitled to the money by order of the court." N.D.C.C. § 28-23-13. When homestead property is sold, the amount of the exemption must be paid to the claimant "and the residue applied to the satisfaction of the execution." N.D.C.C. § 47-18-14. The purchaser of the property "is substituted for the judgment debtor" and acquires all of the debtor's rights and title to the property. N.D.C.C. § 28-23-11(1). Superior liens are not extinguished by virtue of an execution sale:

"When appellant became the purchaser of the land at the sheriff's execution sale, it acquired all the right, title and interest which the judgment debtor possessed at the time the judgment was docketed, free from any rights or liens under subsequent encumbrances *but subject to the prior rights and liens* and, of course, the right of redemption."

*Kulm Credit Union v. Harter*, 157 N.W.2d 700, 705 (N.D. 1968) (emphasis added).

[¶23] A purchaser of land subject to a mortgage "is presumed to have deducted the amount of the senior liens from the amount he bids for the land." *Mid Kansas Fed. Sav. & Loan Ass'n v. Dynamic Dev. Corp.*, 804 P.2d 1310, 1318 (Ariz. 1991).

"When a purchaser buys land subject to a mortgage (without assuming it), he does not become personally liable thereon, but nevertheless an equitable relation arises between himself and the original mortgagor. By virtue of having purchased subject to the first mortgage, the land becomes the primary fund for the payment of the mortgage debt. In theory, as between the purchaser and the original mortgagor, the mortgagor has already advanced to the purchaser the amount of the mortgage debt by receiving that much less than the market value of his land at the time of the sale. In other words, it is presumed that the purchaser of land subject to a mortgage deducted the amount of the encumbrance from the market value of the land when he bought. The mortgagor therefore has an equitable right to have the land pay the mortgage before his personal liability is called upon . . . . The doctrine has application whenever land is purchased subject to a mortgage, whether the purchase be by private treaty or at foreclosure or execution sale."

*Tri-County Bank & Trust Co. v. Watts*, 449 N.W.2d 537, 541-42 (Neb. 1989) (cleaned up) (quoting *Wright v. Anderson*, 253 N.W. 484, 487 (S.D. 1934)).

[¶24] When property is sold to satisfy a judgment, the judgment debtor has one year from the date of the sheriff's sale to redeem the property. N.D.C.C. § 28-24-02. Redemption is done "by paying the amount of the bid." *Id.* The judgment debtor "may not be required to pay more to effect a redemption than the purchase price" plus interest. N.D.C.C. § 28-24-06. However, if a purchaser pays principal or interest on a mortgage encumbering property, those amounts are

"part of the sum necessary to be paid for the redemption from the sale." N.D.C.C. § 28-24-07. Mortgage payments made by a purchaser "must be proved by a written notice of additional lien verified by affidavit of the purchaser." *Id.*

[¶25] In this case, the district court allowed Malloy a setoff, which Behrens describes as a "credit," based on the mortgage payoff amount. The sheriff's report of sale lists the amount of judgment principal as $341,890.26 and the amount of judgment interest as $302,805.97, which total $644,696.23. The property was sold to Malloy for his bid of $759,004.65. The district court's order confirming the sale applied $526,827.86 to the judgment. The court reached this total by deducting from the bid price the costs of the sale, the homestead exemption value (the pre-amendment $100,000 figure), and $118,866.27 "owed to lender."

[¶26] The proceeds the district court allocated as "owed to lender" should have been applied towards satisfaction of the judgment. When a homestead sale occurs, "proceeds thereof to the amount of the homestead exemption must be paid to the claimant and the residue applied to the satisfaction of the execution." N.D.C.C. § 47-18-14. A purchaser taking subject to a prior lien is not entitled to an offset for the lien amount. *Midyett v. Rennat Props., Inc.*, 831 P.2d 868, 869 (Ariz. Ct. App. 1992) (holding "the purchaser at execution sale of property subject to a prior lien cannot require the judgment creditor to pay the prior lien from the proceeds of the execution sale"); *see also Fay v. Harris*, 164 P.2d 860, 861 (Ariz. 1945) (holding "[t]he purchaser is not entitled to an offset because of a lien on the property purchased"); *Walker v. Braden*, 9 P. 613, 617 (Kan. 1886) (holding sheriff could not accept less than full amount of execution sale bid and "nor could the amount of the mortgage be allowed by the court as a setoff in this action"). *Cf.* N.D.C.C. § 32-19-10 (stating the "proceeds of every foreclosure sale must be applied to the discharge of the debt adjudged by the court to be due"); *United States v. Sage*, 566 F.2d 1114, 1115 (9th Cir. 1977) (stating "upon sale under a junior mortgage, the surplus belongs to the mortgagor, and is not applied to the satisfaction of the prior mortgage"). The district court erred when it set aside a portion of Malloy's bid to pay the superior mortgage rather than applying it towards satisfaction of the judgment.

10

## III

[¶27] Behrens asserts the district court's errors require us to set aside the sale and order "a new auction." He claims the errors affected his ability to "make his own bid on the property" and to redeem it. We are not convinced. Application of the higher homestead exemption amount at the time of the sale would have resulted in a higher minimum bid. *See* N.D.C.C. § 47-18-13 (stating no bid may be received unless it exceeds the amount of the homestead exemption). Behrens has not explained how the court's erroneous allocation of the sale proceeds, after remedied on remand, will affect his redemption rights. The errors in this case do not affect the validity of the sale. They concern proper allocation of the sale proceeds. On remand, the district court must enter an order confirming the sale that applies the proceeds in a manner consistent with our decision.

## IV

[¶28] The sheriff complied with statutory execution requirements, but the district court erred when it did not apply the $150,000 homestead exemption in effect when the sale occurred and when it allocated $118,866.27 worth of sale proceeds to satisfy the superior mortgage rather than the judgment. The orders granting the petition for appraisal, directing the sale of the homestead, and confirming the sale are affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this decision.

[¶29] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr